Argued September 18; reversed October 8, 1940

## MUELLER *v.* MUELLER
(105 P. (2d) 1095)

*James Arthur Powers* and *Nora R. Hitchman,* both of Portland, for appellant.

*John L. Foote,* of St. Helens, for respondent.

BAILEY, J. This is a suit for divorce, brought by the husband against the wife on the ground of cruel and inhuman treatment. A cross-complaint was filed by the wife, asking for a divorce on the same ground. From a decree granting a divorce to the husband, the wife appeals, assigning as error the granting

of a divorce to the plaintiff and the refusal of the court to award a divorce to the defendant.

The plaintiff and the defendant were married in Idaho in 1914. In 1925 they moved to Clatskanie, Oregon. They then had five children. Another child was born to them at Clatskanie. At the time of the trial four of the six children were minors, namely: Thyra, aged twenty years; Louis, eighteen; Ruth, fifteen; and Verna, eleven. Louis, Ruth and Verna were living at home with their mother and Thyra was away at school.

The plaintiff is a pharmacist and upon taking up residence at Clatskanie he purchased or established a drug store, which he thereafter operated until he sold it a short time after his appointment as postmaster of Clatskanie in 1936. The testimony shows that he had great difficulty in earning enough money from the operation of his store to provide for his family's needs and educate his children. Due to such financial strain, apparently, friction arose between the plaintiff and his wife, which culminated in charges by the plaintiff that his wife constantly nagged him about money matters, and counter-charges on the part of the defendant that the plaintiff failed to provide adequately for her and the children.

Mr. Mueller had a quick temper, according to the testimony of other witnesses and his own admission, and his disposition was not benefited by the long hours he spent at work in his store. In November, 1937, he became angry with his daughter Ruth and threw or violently shoved at her a metal clothes rack. Thereupon, according to his testimony, his wife told him to get out and that she and the children would get along better without him. He further stated that "after about two weeks of studying that invitation over, I did get out."

After being separated for about two months the husband and wife became reconciled, through the assistance of a local attorney, and the husband returned home. He thereafter gave his wife a housekeeping allowance of $100 a month, beginning February 15, 1938, and continuing until about April 15, 1938, when he again left home. During that time his salary as postmaster was $195 a month, out of which he was required to pay some $9 a month for purposes described as upkeep of the post office.

Mr. Mueller gave as his reason for leaving the second time the fact that a boy about twenty years of age, a friend of the Mueller children, spent too much time at their home. An incident occurred as a result of which he ordered the boy out of the house at the point of a gun. The plaintiff again thought over the matter for two weeks, consulted an attorney and left home.

In his complaint the plaintiff alleges in detail certain acts of his wife as constituting cruel and inhuman treatment. The wife likewise in her cross-complaint sets forth acts of the plaintiff which she terms cruel and inhuman treatment. We shall not, however, in this opinion refer specifically to the various charges and counter-charges, for the reason that a recital thereof without discussion of all the testimony would be of no value. There are involved in this case not only the two litigants but also their six children, and since to set out the testimony herein would be of no benefit to any one we refrain from so doing.

The charges in the plaintiff's complaint that the defendant attempted to alienate from him the affections of their children, that she attempted to teach the children to deceive their father, and several other

specifications of alleged cruelty on the part of the wife, are not sustained by the evidence. Moreover, the plaintiff's testimony in relation to some of the other charges is very general and is not supported by other evidence. This likewise may be said of the allegations of the defendant's cross-complaint.

■ The conclusion to which we are impelled is that neither party is entitled to a divorce. Both husband and wife materially contributed to the discord which prevailed in their home. The conduct of the plaintiff toward his wife and children was anything but commendable.

We have carefully examined the entire record and are of the opinion that both the plaintiff and the defendant were in the wrong. The evidence does not preponderate decisively in favor of one or the other. Neither of them can be said to have been very slightly, and the other very greatly, at fault. *Billion v. Billion,* 124 Or. 415, 263 P. 397; *Maurer v. Maurer,* 150 Or. 130, 42 P. (2d) 186; *Beckley v. Beckley,* 23 Or. 226, 31 P. 470; *Andrews v. Andrews,* 162 Or. 614, 94 P. (2d) 300.

■ The appellant, Mrs. Mueller, has filed a motion asking for additional attorneys' fees in this court. The record discloses that she is without independent means to pay the expenses connected with this appeal. In view of that fact as well as her husband's financial condition, we believe that she should be allowed an additional sum of $125 as attorneys' fees in this court.

The decree appealed from is reversed and one will herein be entered in accordance with this opinion. The appellant is entitled to her costs and disbursements in this court and the circuit court.

ROSSMAN and BEAN, JJ., not participating.