Argued February 19; reversed March 30, 1948

## MILLER *v.* MILLER

191 P. (2d) 394

*Robert R. Rankin,* of Portland, argued the cause and filed a brief for appellant.

*Earl P. Conrad,* of Toledo, argued the cause and filed a brief for respondent.

Before Rossman, Chief Justice, and Lusk, Kelly, Bailey and Hay, Justices.

HAY, J.

This is a suit for divorce, instituted by Charles W. Miller against Bessie E. Miller, his wife, with a cross-complaint for divorce by Bessie against Charles. The trial court decreed in favor of Charles, and Bessie appeals.

The parties intermarried in 1926. They have three children, the eldest of whom is now about seventeen years of age and the youngest about thirteen.

Each party accuses the other of cruel and inhuman conduct and personal indignities rendering life burdensome. Such conduct, as charged against Bessie, is alleged to have consisted of (a) accusing Charles, on numerous occasions, of ''being interested in other women''; (b) publicly quarreling with him, to his extreme humiliation and embarrassment; (c) being addicted to nagging and faultfinding, being continuously dissatisfied with him and with everything he did, and annoying and harassing him in the conduct of his business. This course of conduct is said to have been continuous for about five years immediately preceding the filing of the complaint. Bessie's countercharges allege that Charles, for ''a long period of time last past'', (a) has been undependable, selfish and dictatorial; (b) in anger, has repeatedly struck and choked her with such force as to leave bruises and discolorations upon her body; (c) has been profane and vulgar, has declared that he does not care for her and has no further love for her, has many times threatened to divorce her, and finally, has left the family home, declaring that he does not want to live with her; (d) has been unbearably familiar with two other women, particularly with one who is an employee in Charles's store, and, despite Bessie's remonstrance against such conduct, and her request that such employee be discharged, he has refused to discontinue such conduct or to discharge such employee; and (e) although Bessie aided Charles materially in building up a substantial business, he, as he ''became more affluent'', grew ''more domineering and secretive about his business, keeping hid, insofar as he was able, much of the busi-

ness transactions of the Newport and Toledo stores and always by word and conduct indicating to complainant [Bessie] that she was unwelcome" in such stores.

In 1924, about a year and a half before his marriage, Charles went into business at Toledo, Oregon, in partnership with his brother, as a jeweler and watchmaker. Some two and a half years later, he acquired his brother's interest in the business. He had been operating to a considerable extent upon borrowed capital, and was not able to work out of debt until about ten years after his marriage. The business, however, was moderately successful, and became more so as time went on. In 1938, Charles opened an additional store at Newport.

Bessie seems to have preferred working in the store to housekeeping. She contends that, through her assistance and cooperation, she was as much responsible as was Charles for the success of the business. We think that her contention in this respect is not without some justification in the evidence.

During the long period while lack of money made it necessary for both of them to devote all of their attention to working and planning to build up their home and to establish their business as a going concern, these people got along together quite happily, and reared a fine family of children. Prosperity seems to have undermined the structure of their erstwhile admirable family relationship. Whether or not Charles was guilty of undue familiarity with his woman employee, we think that the evidence fairly establishes the fact that his attitude towards her was indiscreet. Confronted with Bessie's jealous reaction to his conduct, he does not appear to have made any effort to promote family harmony. His view was that, his

employee being experienced and competent, he had a right to retain her services, and that the situation was a business one with which his wife had no right to interfere. We think that, under the circumstances, he might well have eased the marital tension by dispensing with the employee's services. The evidence does not indicate that, if he had done so, the business would have been seriously affected. The employee's feelings might have been hurt, but we think that he should have shown more consideration for his wife's feelings than for those of a woman employee. *Kolopen v. Kolopen,* 148 Pa. Super. 311, 25 A. (2d) 569, 571.

There is no question but that the parties engaged in public quarrels in their stores. Bessie appears to have been the immediate instigator of most of these, but Charles was not without blame. We think that the clashes could have been avoided through a little forbearance and common sense on both sides. Each party was guilty of assault and battery on the other.

In 1945, Bessie was under treatment for spastic colitis for about two months in a convalescent home in Portland. For the same ailment, she was, in 1946, a patient in a Portland convalescent hospital for about six months. Her illness was not an organic disorder, but functional. Its primary cause was nervous tension. In all probability, her nervous tension was a result of her marital difficulties, but we cannot say, from the evidence, that it was the cause of them.

In fairness to Charles, it must be said that the evidence indicates that, while Bessie was under treatment in the convalescent hospital, he showed a laudable anxiety over her condition and evidenced a desire for her early and complete recovery.

Upon consideration of the whole of the evidence, our conclusion is that the parties were *in pari delicto.*

We are unable to say that either was guilty of unprovoked cruelty toward the other. It is true that Bessie's conduct may have been attributable in part to the nervous disorder from which she suffered during a portion of the period covered by the marital troubles, but we think that, on the whole, both parties were at fault. In our opinion, neither was entitled to a decree. ·*Mueller v. Mueller,* 165 Or. 153, 156, 105 P. (2d) 1095; *Hollingworth v. Hollingworth,* 173 Or. 286, 292, 145 P. (2d) 466. In so concluding, we have given respectful consideration to the findings of the trial judge, but find ourselves unable to concur therein.

The decree is reversed and the cause dismissed. Defendant may have her costs and disbursements in this court, together with an allowance of $250 for attorney's fees.