Argued October 14, reversed November 18, 1953

RIESLAND *v.* RIESLAND

263 P. 2d 299

*W. F. Brownton,* of La Grande, argued the cause and filed briefs for appellant.

*James H. Ganoe,* of Portland, argued the cause for respondent and cross appellant. With him on the brief was Mood W. Eckley, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, TOOZE and PERRY, Justices.

LATOURETTE, C. J.

Plaintiff and defendant were married on or about August 21, 1923, and from this union two sons were born, the younger being of the age of 18 years and living with plaintiff in Portland at the time the present divorce suit was filed. Plaintiff's complaint is based on desertion and cruel and inhuman treatment. The complaint also alleges that defendant is the owner in fee simple of certain described real property, and

> "that the above described property was accumulated and paid for by the joint efforts of the plaintiff and the defendant during their married life; that the plaintiff is entitled to be declared as owner of a one-half interest in said hereinbefore described real property."

Defendant joined issue with plaintiff and by separate answer prayed for a divorce against plaintiff on the grounds of desertion on her part.

The trial court denied plaintiff a divorce, granted defendant a divorce and decreed plaintiff to be the owner of an undivided one-half interest in the real property in question.

Defendant appealed from that portion of the decree granting plaintiff an interest in his property, whereupon plaintiff cross-appealed from that portion of the decree granting to defendant a divorce.

■ The first question to be determined is whether or not the trial court had authority to award to plaintiff an interest in defendant's property, it having awarded to defendant a decree of divorce. That the court was without such authority is settled by the case of *Gooden v. Gooden,* 180 Or 309, 314, 176 P2d 634.

The principal question remaining is, which of the parties, if either, is entitled to a divorce?

It appears that the parties had previously engaged in marital litigation which culminated in a decision of this court on May 17, 1949, *Riesland v. Riesland,* 186 Or 227, 206 P2d 96, denying divorce relief to both parties. After the institution of the litigation in the previous case, the parties never resumed marital relations, plaintiff remaining in Portland with her son, and defendant conducting his business in La Grande.

■ Plaintiff's complaint for divorce was filed March 2, 1951, and there could have been no desertion for a period of a year prior to that date because of a mutual arrangement between the parties that plaintiff could remain with their son in Portland until the conclusion of the son's high school course in June of 1950, so that it was error for the court to grant defendant a decree of divorce on the grounds of desertion. Nor would plaintiff be entitled to a divorce on the grounds of desertion on the part of defendant for the same reason.

■ However, we believe that there is enough evidence in the record to warrant granting plaintiff a divorce from defendant on the grounds of personal indignities heaped upon her by defendant, rendering her life burdensome and unbearable. Plaintiff, after the sordid experience attendant upon the first divorce proceeding, evinced a desire to fulfill her marital obligations and to return to defendant, but he would have none of her.

At the trial in the instant case there were no witnesses other than plaintiff and defendant. Their testimony in many respects conflicts. However, we have correspondence between the parties from which

a clear picture may be drawn of the marital situation subsequent to the rendering of the previous decision in this court. Her repelled importunities to return to him, the niggardly support he gave her and her children, and the slamming of the door in her face when she made a final effort to effect a reconciliation unquestionably caused her embarrassment and chagrin and must have been to her unendurable.

We are not unmindful that at the trial of the case at bar plaintiff made some statements rather detrimental to her case. However, we must consider that such statements were made in the "heat of battle" and perhaps should be discounted for this reason. We are more inclined to give credence to the written evidence and the "slamming door" episode, reflecting the attitudes of the parties during the period between the early abortive divorce and the filing of the present case.

The parties have been married for over 30 years and have not lived together since December, 1942. Their marital troubles have been aired in the courts for 11 years. Their two children are grown, and it is quite evident that the parties are now so estranged that it would serve no good purpose to compel them to continue as husband and wife. Of course public policy ordinarily favors the continuance of the marital relationship. However, there are certain occasions when public policy is better subserved by cutting the marital knot. It is said that marriages are made in heaven, but evidently this one was not.

■ The record discloses that defendant sold his garage business for $7,500 and that he has substantial real estate holdings in La Grande. We hold that the sum of $5,000 would be the proper amount to award plaintiff as alimony.

A decree will be entered granting a divorce to plaintiff and $5,000 in a lump sum as alimony, in addition to $500 as attorney's fees, and these amounts will be entered as a judgment in her favor against defendant, and he is ordered to pay the same. Costs and disbursements in both courts to plaintiff.

Reversed.