Argued January 19, affirmed in part, reversed in part
and remanded February 8, 1956

## WAGNER *v.* WAGNER

### 293 P. 2d 224

*James O. Goodwin* of Oregon City argued the cause
and filed a brief for the plaintiff respondent-cross ap-

pellant. With him on the brief was Glenn R. Jack, Oregon City.

*Chas. D. Dolph* and *Harvey Karlin* of Portland argued the cause and filed a brief for the defendant-appellant. On the brief were Dolph, Curry and Karlin, Portland.

Before WARNER, C. J., TOOZE, LUSK and BRAND, Justices.

WARNER, C.J.

This is an appeal from a divorce decree in a suit wherein the defendant husband, George Wagner, is the appellant here, and the plaintiff, Bess Wagner, is respondent and cross-appellant.

The decree awards the divorce to the husband. He, however, urges as the basis for his appeal that the court erred in giving the wife the sole and entire interest in real and personal property jointly owned by the parties at the time of the entry of the decree. This, he asserts, should have been given to him.

The wife's one assignment of error is predicated upon the claim that she and not her husband should have been awarded the decree of divorce.

We first turn our attention to the wife's claim of error. Our careful review of the record prompts us to observe that it presents a close question as to whether the decree of divorce should have gone to the wife instead of the husband. This very situation, in our opinion, warrants resolving any doubts in support of the decree as so made by the trial judge, for he had, in addition, the benefit of testimony adduced by the parties, the opportunity to observe them and their demeanor, an advantage denied to us.

We, therefore, pass to the alleged error raised by the appellant husband. The award of property made to Mrs. Wagner was the "sole and exclusive title" in and to the following parcels of real or personal property, and in the decree described as follows:

(a) Lots 32, 33 and 34, Block 10, Willamette Addition to East Portland, Multnomah County, Oregon
Known as 4561 N.E. 37th Avenue, Portland, Oregon, together with the furniture, furnishings and fixtures located therein.

(b) East ½ of Lot 16, Block 19, Albina Homestead District Multnomah County, Oregon. Known as 66 N.E. Failing Street, Portland, Oregon, subject to the lien and encumbrance of record.

At the time the decree was entered, i. e., June 12, 1953, the law controlling the division of property, real and personal, between the parties was found in § 9-912, as amended by Oregon Laws 1947 ch 557, reading:

"Whenever a marriage shall be dissolved or annulled, *the party on whose prayer the decree* shall be given and made thereby shall be awarded in his or her individual right such undivided interest in, or in severalty, such part or parts or the whole of, the real property or personal property, or both, or right, interest or estate in either or both thereof, owned by the other at the time of such decree, as may be just and proper in all the circumstances, in addition to the further decree for maintenance provided for in section 9-914." (Emphasis ours.)

■ Under that statute neither the circuit court nor this court has the power to award to the party, against whom the decree is given, any interest in the property of the other party. *Polanski v. Polanski* 193 Or 429, 432, 238 P2d 739; *Butts v. Butts* 200 Or 638, 267, P2d 1104; *Riesland v. Riesland* 199 Or 541, 542, 263 P2d 299.

There is a paucity of evidence from whence a determination can be successfully and exactly made as to how the title to the property given to Mrs. Wagner reposed at the time of the suit. In her complaint she refers to it as property which "the parties have accumulated." Mr. Wagner testified that the title to the property on N. E. 37th Ave. and Failing St. was held in the name "of both parties." The Failing St. property was subsequently sold by the Wagners to vendors under a purchase contract, which is item (b) of the property given to Mrs. Wagner by the decree. The record is silent as to the interest, if any, of either of the Wagners in that contract. Indeed, no exhibits disclosing title of any kind were introduced by either party. In this condition of the record we are left to conjecture whether title in "both parties" was an entirety title, or one by tenancy in common, or otherwise.

■ We note that item (a) of the provision of the decree, giving Mrs. Wagner the sole interest in the homeplace of the Wagners on N. E. 37th Ave., included "the furniture, furnishings & fixtures located therein." From the testimony of Mrs. Wagner we learn that they started housekeeping with furniture supplied by Mrs. Wagner's parents. This was later sold and funds used to buy new furniture. To this was added other furniture and furnishings acquired by Mrs. Wagner from time to time from monies saved by her from her weekly allowance advanced by Mr. Wagner for household expense. Here, again, we find it impossible to determine the aliquot parts owned by the plaintiff and defendant in the furniture and furnishings awarded in toto to Mrs. Wagner. That Mr. Wagner has some interest in this species of property is apparent for the reason, if none other, that personal property in the joint possession of husband and wife, or concerning which there

is no independent evidence as to which of them is in possession, is generally presumed to belong to the husband. 26 Am Jur, Husband and Wife, § 92, p 718; 41 CJS, Husband and Wife, § 18, p 414. Also see *Elfelt v. Hinch,* 5 Or 255, 258.

■ The insufficiency of the record with respect to true title and interest of the parties in and to the property, real or personal, decreed to the wife is so vague and meager that the matter must be remanded to the lower court for a more exact determination.

The husband contends that the circuit court erred in failing to award to him all of the property held by the parties jointly at the time of the suit. To so do would extinguish the entire interest of Mrs. Wagner in any of the property which the court gave her.

■ Much depends upon the particular facts of each case in determining the amount of or interest in the property of the other party, if any, to be awarded to the party not at fault. *Flanagan v. Flanagan* 188 Or 126, 145, 213 P2d 801. The record here persuades us that it would be inequitable to so enrich the husband by depleting the estate of his wife by giving to him any part of the property which the court may hereafter determine to be owned by Mrs. Wagner.

The cause is remanded to the circuit court for the purpose of determining the respective ownership interests of the parties in the properties awarded to plaintiff, and the decree thereafter modified accordingly. There should also be stricken therefrom the provision awarding the plaintiff $200 as additional attorneys' fees, the plaintiff having conceded in her reply brief its erroneous inclusion.

Costs and disbursements to neither party.

Tooze, J., did not participate in this decision.