Argued November 2, reversed with instructions December 13, 1961

## ZAVIN *v.* ZAVIN

366 P. 2d 733

*Harlow F. Lenon,* Portland, argued the cause for appellant. On the briefs were Lenon & Willner, Portland.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief were Norman B. Kobin and Paul R. Meyer, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an appeal from a decree of divorce.

Plaintiff husband sued under ORS 107.030 (6) (cruel and inhuman treatment). Defendant wife counterclaimed upon similar grounds. Each party pleaded nearly every variety of cruelty for which descriptive words could be found.

After four days in court, the experienced trial judge concluded that neither party had carried the burden of proof. His carefully reasoned memorandum opinion weighs and sifts the evidence and finds it substantially lacking in probative force. He summarized his conclusions by observing that at least one of the parties was lying, but he could not tell which one it was. If he had stopped there, the cause would have been dismissed. But, being of the opinion that the marriage was a failure, the judge then reexamined the pleadings. He found that the husband had charged the wife with infidelity but had produced no evidence thereof. This unproven allegation of misconduct apparently tipped the balance in favor of the wife who had made equally grave and equally unproven charges, but not quite so many of them. The court having concluded as a matter of fact that the marriage was an empty legal status without hope of rehabilitation, then granted the wife a divorce and a considerable amount of property.

The plaintiff on this appeal seeks to have the decree reversed so that he may be awarded the divorce as the prevailing party. Under the rule stated in *Riesland v. Riesland,* 199 Or 541, 263 P2d 299, and *Gooden*

*v. Gooden,* 180 Or 309, 176 P2d 634, the plaintiff would then have both his property and his freedom.

The case is controlled, however, by the principles set forth in a substantial number of our former decisions, the latest of which is *Rothwell v. Rothwell,* 219 Or 221, 347 P2d 63, where we denied either party a divorce when the record revealed that the fault of one substantially equalled the fault of the other. See, also, *Gibson v. Gibson,* 216 Or 622, 340 P2d 190; *Guinn v. Guinn,* 188 Or 554, 217 P2d 248; *Hollingworth v. Hollingworth,* 173 Or 286, 145 P2d 466; *Mueller v. Mueller,* 165 Or 153, 105 P2d 1095.

Under ORS 107.030, which lists the grounds for divorce, we are not at liberty to follow the lead of those courts which have recognized marriage failure as a social problem justifying divorce without any particular consideration of grounds. See, e.g., *Hayes v. Hayes,* 181 Cal App2d 634, 5 Cal Rep 509 (dictum); *DeBurgh v. DeBurgh,* 39 Cal2d 858, 250 P2d 598.

While it is unnecessary to consider property rights in view of our conclusion that neither party is entitled to a divorce, there remains the matter of attorney's fees. Under ORS 107.100 (1)(g) the trial court has the power to award reasonable attorney's fees to either party. The decree gave the defendant a judgment against the plaintiff for $5,000. Since the power of the trial court to make a reasonable provision for the defense of a divorce suit does not depend upon a decree of divorce being awarded either party, it would appear to be proper to preserve a portion of the trial court's award in behalf of the defendant even though the balance of the decree must be vacated. There is no question but that counsel earned their fees in this case. However, the fees allowed in the decree were no doubt based in part upon the substantial award of

property made in the defendant's favor. Upon an examination of the total record, we believe the fees allowed by the trial court are excessive when related to the ultimate disposition of the case. A reasonable fee to be paid by the plaintiff on the defendant's behalf is the sum of $2,500.

The decree is reversed with instructions to enter the appropriate orders to dismiss the suit of each party with prejudice, and to enter a judgment for the defendant in the sum of $2,500 and her costs and disbursements taxed in the trial court.

Reversed with instructions; neither party to recover costs in this court.