Argued February 4, reversed June 30, 1965

# AZORR *v.* AZORR

403 P. 2d 777

*Victor C. Hefferin,* Portland, argued the cause for appellant. On the brief were Rask, Hefferin & Bowerman.

*Clifford W. Powers,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

LUSK, J.

This is an appeal by the defendant husband from a decree of divorce granted to his wife. The decree also awarded the plaintiff custody of their four children and provided for a disposition of property and the payment of alimony.

The parties were married in 1949. The children are three boys aged, respectively, 14, 9 and 8 years, and a girl aged 11 years. The defendant has been an employee of the United States Internal Revenue Service since 1952, where he has risen to a position of some responsibility and earns a salary in excess of $12,000 a year. The plaintiff is a good wife and mother. Both the plaintiff and defendant are persons of estimable character. The children are being properly reared and educated. With no adverse reflection on the plaintiff, it is fair to state that the record discloses a high sense of responsibility on the part of the defendant in discharging his duties as a father.

Plaintiff charges in her complaint that defendant has been extremely critical of her and has found fault with her continuously; that he has refused to speak to her for long periods of time; that he has been cold and indifferent toward her for several years and has failed to show her any love or affection, all to the detriment of plaintiff's health.

■■ We have examined the testimony with care and have reached the conclusion that it discloses no such misconduct on the part of the defendant as would justify a court in granting the plaintiff a decree of divorce. Whatever shortcomings the defendant may have, his behaviour as a husband cannot be properly characterized as "cruel and inhuman treatment or personal indignities rendering life burdensome." ORS

107.030 (6); *Zavin v. Zavin*, 229 Or 289, 291, 366 P2d 733; *Lamoreaux v. Lamoreaux*, 225 Or 35, 38-39, 357 P2d 273; *Gibson v. Gibson*, 216 Or 622, 627, 340 P2d 190; *Guinn v. Guinn*, 188 Or 554, 562, 217 P2d 248.

It would benefit no one, least of all the parties, to review the evidence.

The decree appealed from is reversed, the defendant to pay the costs.

SLOAN, J., dissenting.

It is my belief that the evidence supports the conclusions drawn by the trial court and that the decree should be affirmed.