Submitted on briefs April 20, affirmed May 28, 1971

HUG, *Respondent*, v. HUG, *Appellant*.

485 P2d 428

Richard J. Smith, Klamath Falls, for appellant.

O. W. Goakey, Klamath Falls, for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

Defendant appeals from that portion of a divorce decree which awarded his former wife what he asserts is an inequitable share of the property.

In the decree, the trial judge awarded plaintiff-wife the residence of the parties and required defendant to assume payment of a $3,287 encumbrance

thereon. Defendant claims that this was an abuse of discretion because he had an equity of $1,500 in the house prior to the marriage of the parties and the total equity in the house at the time of the divorce was $4,000. The testimony indicated that the residence was worth between $6,000 and $7,000.

The record shows that the defendant-husband is a skilled electrician earning in excess of $8,000 per year. The wife is unskilled and is temporarily employed at a wage of $60 a week gross pay. She testified that she planned to terminate her position shortly to enroll in a secretarial training course to improve her earning power. The wife must care for the three children of the marriage and was awarded $50 a month per child for their support, although she requested $75 per child. The residence is a two bedroom dwelling and the wife testified that she needed it in order to make a home for the children.

Considering the burden assumed by the wife, we conclude that the disposition of the house was equitable. *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970) ; *Cooley v. Cooley,* 1 Or App 223, 232, 461 P2d 65 (1969).

Affirmed.