Argued June 25, reversed and remanded with instructions
September 21, 1971

STRAND, *Respondent - Cross-Appellant, v.*
STRAND, *Appellant.*
488 P2d 845

468

*Frank M. Ierulli,* Portland, argued the cause for appellant. With him on the briefs was Paul Gerhardt, Portland.

*George D. Leonard,* Portland, argued the cause for respondent - cross-appellant. With him on the brief was William F. Thomas, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Plaintiff brought suit for divorce against her husband charging "cruel and inhuman treatment." ORS 107.030(6). Defendant filed an answer and cross-complaint for divorce in his favor on the identical statutory grounds. After a two-day trial solely on the issue of whether either party was entitled to a divorce, the trial judge rendered an oral opinion from the bench stating that he found that each party had failed to establish by preponderance of the evidence that the other had been guilty of cruel and inhuman treatment as set forth, and dismissing plaintiff's amended complaint and defendant's amended answer and cross-complaint.

Defendant appeals, assigning as error that the court erred (1) in failing to grant defendant a divorce on the basis of evidence and testimony of cruelty offered, (2) in refusing to consider defendant's motion to allow him to file an amended answer and cross-complaint for divorce on the ground of desertion, and

(3) in failing to grant defendant a divorce on the basis of the evidence of desertion offered.

Plaintiff cross-appeals contending that defendant's conduct in continually addressing her in a tone of suppressed anger, his ridiculing her efforts to seek psychotherapy, and his insensitivity to her feelings, constituted cruel and inhuman treatment entitling plaintiff to a divorce.

During almost the entire 21 years of their marriage, plaintiff and defendant were employed in a large retail business owned and operated by the wife's family. From the testimony, the marriage appears to have been accompanied by persistent marital discord and friction between the parties, which culminated in plaintiff's requesting defendant to move out of the family residence and to make his home elsewhere. Defendant complied with her request. Four months later she filed her suit.

Two children were born of this marriage, a son, born January 7, 1952, and a daughter, born August 15, 1957. Defendant conceded that plaintiff was a fit and proper person to have custody of the minor children of the parties, subject to reasonable visitation by the defendant.

No purpose would be served by undertaking a recital of the travails of this marriage. The evidence shows a degree of fault on both sides. Some of the causes for the breakdown appearing in the record include the following: (1) Inability of plaintiff and defendant to communicate with each other relative to their basic domestic problems; (2) tensions which stemmed from defendant's role as an employe in the wife's family's business; (3) disputes over the management of family finances and the rearing of the

oldest child, who suffered from serious and chronic emotional difficulties; (4) unfortunate physical and mental health problems of the wife; and (5) over-reaction by husband to what he considered to be systematic fault-finding by the wife.

Whatever was the ultimate reason for the final breakup, the marriage continued to remain intact until the plaintiff requested the defendant to move from the family residence.

■ We exercise our *de novo* responsibility to determine the facts and the law. *Goode v. Goode,* 4 Or App 34, 38, 476 P2d 805 (1970).

As in *Riesland v. Riesland,* 199 Or 541, 544, 263 P2d 299 (1953), "the parties are now so estranged that it would serve no good purpose to compel them to continue as husband and wife * * *."

■ Under ORS 107.035(1), enacted in 1969, where it appears that both parties have been guilty of a wrong or wrongs which may constitute grounds for a divorce, the court may grant a divorce to the party least at fault if both parties seek a divorce.

■ While both parties must share the blame for the failure of this marriage, we believe that defendant is less at fault than plaintiff. Under the provisions of ORS 107.035(1) we decide that defendant husband is entitled to a decree of divorce from plaintiff on the ground of cruel and inhuman treatment which was evidenced by his wife's demanding that defendant move out of the family residence, filing for divorce and testifying that she would never again live with him as a wife.

Defendant's second and third assignments of error are without merit.

Since this suit was tried solely on the issue of whether either party was entitled to a divorce, this cause is reversed and remanded with instructions to grant a divorce to defendant, and to determine the issues of custody of children and visitation rights, property rights, alimony, support payments (ORS 107.035(2)), and all other matters necessary to a proper and final disposition of this suit.

Reversed and remanded with instructions.