Argued February 26, affirmed March 18, reconsideration denied
April 10, petition for review denied April 23, 1974

In the Matter of the Dissolution of the Marriage of
GRYCKO, *Respondent, and* GRYCKO, *Appellant.*

519 P2d 1059

*Gary M. Bullock,* Portland, argued the cause and filed the briefs for appellant.

*John Bassett,* Milwaukie, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This is an appeal by the husband from the provisions of a decree of dissolution of marriage which divided the assets of the parties and awarded custody

of the two minor children to the wife. The husband contends that the trial court erred (1) in distributing the assets of the parties in an inequitable manner and (2) in awarding custody of the two minor children to the wife.

The history and conflicts of this marriage, except as relevant to specific assignments of error and set out below, need not be detailed. *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

The parties were married for some 12 years. Two boys were born to the marriage, Paul, age 11, and Jared, age 5. The evidence established that at the time of the trial the husband was the superintendent of a small factory and was earning approximately. $986 a month, take-home pay. The wife was also employed. Her take-home pay was approximately $300 a month.

The trial judge undertook to divide the assets equally, awarding the wife the family residence, including the furniture and furnishings, requiring her to assume a substantial mortgage and all future taxes and assessments thereon except a home improvement loan. She was also awarded one of the family automobiles.

The husband was awarded certain credit union shares worth $860, but which were pledged as security for the home improvement loan and another loan, an $11,000 balance in a savings account, which represented an inheritance received by the husband from a deceased uncle, and an older automobile and pickup truck, as well as other personal property. In addition the husband was required to assume the monthly payments on all remaining family debts.

We believe that the wife's burden of overseeing

the rearing of the two minor children, and the difference between the husband's and wife's earning capacities, justify the division of property and apportionment of monthly financial payments on family debts that were made in this case. *Hug v. Hug,* 5 Or App 436, 485 P2d 428 (1971); *Sharp v. Sharp,* 12 Or App 421, 424, 507 P2d 417 (1973).

Respondent husband also contends that he should have been given custody of the two minor children because of his wife's emotional instability as evidenced principally by her asserted intermittent periods of depression. In her testimony the wife claimed these to be the direct result of the husband's physical mistreatment of her.

■ Having examined the entire record, we agree that the husband did not establish this charge against his former wife. As in *Strand v. Strand,* 6 Or App 467, 488 P2d 845 (1971), the major difficulty in this marriage appears to have been the inability of both parties to communicate with each other relative to their basic domestic problems. We conclude that the trial judge correctly decided that while both parents loved the children and were fit parents, awarding custody to the wife would provide better home supervision and care for the boys in this case. The liberal visitation privileges granted the husband, and agreed to by the wife, will minimize the traumatic effect of the separation upon the children and will provide for a substantial amount of joint guidance and influence in the upbringing of these young boys—as much as can reasonably be expected under any situation where a marriage founders, the parties separate and custody is to be given to one of the two parents.

Affirmed.