### KNIGHT *v.* HAMAKER.

[ 54 Pac. 277, 659 ]

1. REMOVAL OF ADMINISTRATOR — EFFECT ON APPEAL.—After an administrator has been removed he no longer has authority to represent the estate, and an appeal taken by him while in office will be dismissed unless his successor desires to continue it.

2. EFFECT OF REMOVING ADMINISTRATOR.—An appeal from an order deposing an administrator does not suspend the operation of the order; the removal is in force until reinstatement. Such is evidently the effect of Hill's Ann. Laws, §§ 1090, 1098 and 1100 which provide that upon the removal of an executor or administrator his powers shall terminate, and the further management of the estate shall devolve upon the co-trustee or whoever may be appointed: *Day* v. *Holland*, 15 Or. 464, applied.

From Klamath : W. C. HALE, Judge.

Proceeding by N. B. Knight against J. W. Hamaker, administrator of Warren H. Mills, on a claim. Appeal of the administrator to the circuit court from an adverse order was dismissed, and he again appeals.

DISMISSED.

For appellant there was a brief over the names of *Reddy, Campbell & Metson,* and *J. W. Hamaker.*

For respondent there was a brief over the names of *N. B. Knight,* in *pro per., John S. Orr, Geo. S. Nickerson,* and *Wm. M. Kaiser.*

MR. JUSTICE BEAN delivered the opinion.

On May 13, 1895, the respondent, Knight, filed in the County Court of Klamath County a petition for an order directing the appellant, Hamaker, as administrator of the estate of Warren H. Mills, deceased, to pay to him the sum of $1,329 on a claim which he had against the estate; and, on a hearing regularly had, the

county court adjudged and decreed that the said claim
was legal and valid, and directed Hamaker to pay the
same in full out of the assets in his hands belonging to
the estate. From this order Hamaker appealed to the
circuit court, and on November 8, 1895, his appeal was
dismissed. On March 24, 1896, he perfected an appeal
to this court; but on July 7, 1896, and before the filing
of the transcript, he was removed as administrator by an
order of the county court, and John F. Miller appointed
his successor, to whom letters of administration were
regularly issued, notwithstanding which Hamaker filed
a transcript on appeal in this court, on the 21st of Sep-
tember following. In January, 1897, Miller as adminis-
trator of the estate, appeared by an attorney, and moved
to dismiss the appeal, disclaiming any desire to further
prosecute the matter ; and, at the same time the respond-
ent, Knight, filed a similar motion, on the ground that
Hamaker had ceased to have any interest in the subject
matter of the litigation. Both these motions were on
January 11, 1897, overruled *pro forma*, but with permis-
sion to the respondent and Miller to renew them on the
final hearing of the case, which was done accordingly.

1. In our opinion, the motion of Miller must be al-
lowed. An administrator derives his authority to act
exclusively from the appointment of the county court, and
when such authority is withdrawn or revoked his power
to act for the estate must necessarily cease. He is but
the manager of an estate, under the orders of the court
and the provisions of the statute, and his authority is
derived solely from that source. When it is revoked, he
has no right to longer participate therein, or to control
any of the proceedings in which it is interested. And as
it is clear that a party cannot prosecute an appeal from
a judgment unless he is in some way aggreived by it,

either personally or in some representative capacity, it necessarily follows that when Hamaker was removed as administrator, and Miller appointed in his place, the right to control further proceedings on the appeal vested in Miller, as the representative of the estate ; and, if he does not desire to proceed any further in the matter, Hamaker ought not to be heard to object.   The motion of Miller to dismiss the appeal is therefore sustained.

DISMISSED.

### ON MOTION FOR REHEARING.

MR. JUSTICE BEAN delivered the opinion.

2. Plaintiff claims that his appeal from the order of the county court removing him as administrator revived his letters, and gave him the right to resume authority as administrator, and to control the affairs of the estate pending the determination of such appeal.   But, as we understand the law, an appeal from an order removing an administrator does not stay the operation of the order while the appeal is pending.   The statute provides that the court may, upon the petition of any heir, legatee, devisee, creditor, or other person interested in the estate, or upon its own motion after citation, remove an unfaithful executor or administrator, and revoke his letters, and that in such case, if there be a co-executor or co-administrator, he shall thenceforth exercise the powers and perform the duties of the trust, and, if not, administration of the estate remaining unadministered shall be granted to those next entitled, if they be competent and qualified :   Hill's Ann. Laws, §§ 1090, 1098, 1100. These provisions clearly contemplate and provide that the powers of an administrator or executor shall termi-

nate at the date of his removal by the county court, and that the administration of the estate remaining unadministered shall immediately devolve upon a co-executor or co-administrator, if there be one, and, if not, upon the person to whom letters shall be granted; and an appeal does not restore him to that office pending its determination, in the absence of a statute to that effect: *Dutcher* v. *Culver*, 23 Minn. 415; *Day* v. *Holland*, 15 Or. 464 (15 Pac. 855). During the pendency of the appeal his authority is suspended, and he has no power to control or manage the affairs of the estate until reinstated by an order of the appellate tribunal.

The other points made in the petition for rehearing may be passed with a very brief notice. Counsel is mistaken in his statement that the plaintiff and Miller failed to appear at the time set for the hearing of the motions to dismiss, or that they abandoned such motions; and he is equally in error in his statement that, subsequent to the hearing of the case on the merits, the respondent was permitted to file a supplemental brief, of which he had no notice. The plaintiff and Miller appeared by counsel at the hearing of their motions to dismiss, and have never at any time abandoned them, but, on the contrary, renewed and urged the same with vigor on the final hearing, both in his original brief and at the argument. The supplemental brief, of which counsel complains, was filed at the final hearing. If he had no notice thereof, it was because he was not present, but, at his request and for his accommodation, had been permitted by the courtesy of the court to present his side of the case the day before. Petition for rehearing denied.

DISMISSED : REHEARING DENIED.