Argued September 6; appeal dismissed October 4, 1949

## MIGNOT *v.* MIGNOT

210 P. 2d 111

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for appellant.

*William R. Thomas,* of Lebanon, argued the cause for respondent. On the brief were Morely & Thomas, of Lebanon.

Before BRAND, Acting Chief Justice, BAILEY, HAY, and PAGE, Justices.

BRAND, A. C. J.

Plaintiff Maxine Mignot brought this suit seeking a decree of divorce, custody of the minor child, support for said child and attorney's fees and costs. The complaint alleged cruel and inhuman treatment. The defendant answered seeking a divorce from the plaintiff and custody of the minor child. It was alleged in the complaint and admitted in the answer that there were no property rights involved. After trial upon the merits a decree was entered awarding the plaintiff a divorce, custody of the minor child, together with $35 a month for its support, and $100 as a reasonable attorney's fee. From this decree the defendant appealed.

It has been stipulated by the attorneys in this case that the plaintiff was killed in an automobile accident on August 26, 1949, which was after the appeal had been perfected and shortly before the hearing in this court. Our first question is to determine what effect the death of the plaintiff has had upon the pending proceedings.

It is the contention of the defendant, who expresses interest in the possible existence of an action for the wrongful death of the plaintiff: (1) That the suit does not abate if the cause survives (section 1-311, O. C. L. A.); (2) that a cause of suit for divorce alone does not survive, but (3) "where property rights are

involved or affected by a divorce decree, a cause of suit does survive and there is no abatement of either the appeal or the entire proceedings'', and (4) ''the decree in this case affects property rights because of its provisions for the payment of support money and attorney's fees.'' From the propositions thus advanced by the defendant, the conclusion is drawn ''that the cause survives and can be determined by this court unaffected by the death of the respondent.'' The defendant, however, argues in the alternative that if the decree is not deemed to affect property rights, then the entire cause abates as though no decree had been rendered in the lower court. Counsel for the plaintiff appears to be in doubt as to whether property rights are involved, but he insists that if this court holds that property rights are not involved, then it should also hold that only the appeal abates and that the suit and the decree of the lower court still stand.

■ Our decisions establish that where the only relief sought is a dissolution of the marriage and death occurs after the perfection of the appeal, the appeal abates but that if property rights are involved the appeal does not abate. In the leading case of *Nickerson v. Nickerson,* 34 Or. 1, 48 P. 423, 54 P. 277, the plaintiff wife obtained a decree of divorce and thereby the title to an undivided one-third of the defendant's real property. The defendant perfected an appeal and then died and both parties filed motions to dismiss the appeal. Counsel for defendant contended that death abated the suit and that the relation of the parties was as if no suit had been begun or decree rendered. The result of his contention, if adopted, would have been that on the death of the defendant the plaintiff took only a dower right instead of an undivided one-third

in fee of the defendant's lands. On the other hand, the plaintiff contended that the defendant's death abated the appeal only and that the decree of divorce remained in full force and effect. The court, by Justice Wolverton, said:

"Neither position can be maintained. In Day v. Holland, 15 Or. 464 (15 Pac. 855), it was decided that under the Code procedure an appeal from a decree does not break it up nor vacate it, and that it may be carried into execution notwithstanding the appeal, unless stayed by a supersedeas undertaking.

"* * *

"It is quite apparent, from the very nature of things, that the cause of suit does not survive the death of a party where the only relief sought is a dissolution of the marriage relations, for death effectuates more surely the very end which it is the especial purpose of the suit to accomplish * * *. But, where the consequences of the divorce are such as affect the property rights of the parties to the suit, the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce within itself; but for the ascertainment of whether the property has been rightfully diverted from its appropriate channel of devolution.

"* * *

"The clause of the statute preventing either party from contracting marriage with a third until the period allowed for the appeal has expired is a wise precautionary measure to prevent the evil results which might arise from conflicting marriage relations should the decree of the court below be reversed, but was not intended to suspend the decree. Such a decree has the 'effect to terminate the marriage,' and its finality must be governed and determined by the same rules as are applied

in other suits in equity. From these considerations we conclude that the suit did not abate by the death of the defendant, except as it pertains to the cross bill, neither does the appeal, but that the cause and the appeal both survive to the heirs of the deceased, and they may prosecute the cause in this Court for the purpose of determining whether the divorce was rightfully granted, to the end that conflicting property rights as between them and the plaintiff may be settled and determined."

The court then considered the divorce case on its merits because only so could the property rights be determined. The decree of divorce was reversed.

Counsel for the defendant relies upon the rule that appeals in equity are tried *de novo,* but the case from which we have quoted demonstrates that decrees are effective notwithstanding an appeal and are presently enforceable unless stayed by a supersedeas undertaking. As early as the year 1888 it was pointed out that:

"Commencing an action *or suit* in a Circuit Court, and conducting it to a final termination there, and taking an appeal to review a judgment or decree in this court, are distinct proceedings. The first one is to recover a judgment or decree. The second one is to revise a judgment or decree. The latter proceeding combines the nature of both appeal and writ of error as heretofore known; but in its operation and effect is more in the nature of the latter than of the former. Its office is to correct errors, including both errors of law and findings of fact.

"A writ of error was always regarded as a new proceeding." (Italics ours.) Shirley v. Burch, 16 Or. 1, 5, 18 P. 344, 346.

A similar rule is stated in *Kelley v. Pike,* 17 Or. 330, 20 P. 685, *Brown v. Ritterman,* 156 Or. 405, 67 P.

2d 774, and *In re Grimes' Estate,* 170 Or. 204, 131 P. 2d 448. The case of *Nickerson v. Nickerson,* supra, disposes of the contention that the suit abates. See also *Sturm v. Cooper,* 145 Or. 583, 28 P. 2d 231, and *Porter v. Small,* 62 Or. 574, 588, 120 P. 393, 124 P. 649. Defendant relies upon the case of *Westphalen v. Westphalen,* 115 Neb. 217, 212 N. W. 429. In that case the plaintiff husband sued for divorce and the defendant by cross bill sought a divorce in her own favor. Decree was granted at the prayer of the plaintiff who was, however, required to pay alimony to the defendant wife. The defendant appealed and thereafter the plaintiff died. An administratrix was appointed for the plaintiff's estate. The defendant then sought an order directing that all moneys paid into court by the plaintiff, except costs, be returned to plaintiff's administratrix and that the case be dismissed. The case holds that the suit as well as the appeal abates upon death of a party, pending appeal, but the case is not in point because it was held that the decree of the lower court was only interlocutory and that the marriage status continues until the decision of the appeal. Such is not the law in Oregon.

The question is narrowed to a single point. If property rights are involved, then we must examine the merits of the cause for divorce for only so can we determine the questions of property. If property rights are not involved, then the appeal abates and must be dismissed, leaving the decree of the lower court in full force and effect.

It is clear that property rights are not involved in the sense in which that term was used in the Nickerson case. There, based upon the pleadings, the plaintiff received an interest in the defendant's realty and

if the decree was erroneous, the defendant had a property right in his land of which he had been deprived by the decree. In the case at bar both parties allege in their pleadings that no property rights are involved. The question for determination is whether the fact that the decree below required the defendant to pay for the support of his child and to pay attorney's fees and costs, is sufficient basis for holding that we should try *de novo* a divorce case between a dead plaintiff and a living defendant in order to determine property rights. Counsel for defendant cites *Sturm v. Cooper*, supra. The question as to the effect of the death of a party to a divorce case pending an appeal was not involved. The husband secured a divorce by substituted service in 1926 and died in 1931. In 1932 the wife brought an independent suit against her husband's administratrix to set aside a decree for want of jurisdiction and fraud. She prevailed. The court said:

"In view of the death of Ludwig Sturm, the complainant in the divorce proceeding, the sole reason for the maintenance of the instant suit is the determination of property rights. Death brought about a dissolution of the marital tie."

The complaint in the Sturm case showed that the husband died leaving an estate in which she as his widow would be entitled to participate if the divorce was obtained by fraud. The type of property rights claimed in that case bears no resemblance to what is claimed as a property right in this. *Downer v. Howard*, 44 Wis. 82 (1878), is cited by the defendant. The plaintiff wife sued for divorce and the defendant filed a cross complaint. The trial court dismissed both but made an order requiring the defendant to pay to plaintiff's attorneys $600.00, plus $128.78 to enable her to pay other expenses. The defendant appealed from the

denial of his prayer for affirmative relief and from the order requiring him to pay expense money and attorney's fees. After perfection of the appeal the plaintiff died. The plaintiff's personal representative was substituted. The court did not consider the merits of defendant's cross bill but simply held that the order requiring defendant to pay costs and attorney's fees should be affirmed.

■ The only other case cited by the defendant is *Cox v. Dodd*, 242 Ala. 37, 4 S. 2d 736. In that case the husband sued the wife for divorce. The wife filed a cross bill for alimony. The decree denied divorce to the husband and granted alimony to the wife. The husband appealed and died and his administratrix was substituted and objected to the decree for alimony. It was held that the allowance of alimony in installments was rendered ineffective after his death but that the court would consider the merits of the controversy because the right of the defendant wife to homestead exemption, to dower, to a gross sum allowed as attorney's fees and to costs, are unaffected by the death of the plaintiff and constitute property rights. It was held that the suit was not abated. It would appear from the foregoing cases that a controversy concerning a gross sum as alimony, attorney's fees and costs may under some circumstances so affect property rights as to prevent abatement of appeal in a divorce case after the death of a party but we think it does not sufficiently appear that there are any property rights involved in the pending case. There has been no substitution of the personal representative of the plaintiff. There is no showing of the existence of any property rights which could have been litigated in the trial court. There was no award of alimony to the plaintiff, but only an order requiring the defendant

to pay to the plaintiff $35 per month commencing with November 1, 1947, for the support of the minor child. It is apparent from the decree that the defendant was not required to pay for the support of the child when she was in his custody. An order of the trial court prior to the entry of the decree gave the custody of the minor child to the defendant "until such time as the above entitled cause is heard on its merits and a final decree is entered herein permanently adjudicating the matter of the custody * * *". There has been no showing that the child has ever been delivered into the custody of the plaintiff since that order was made, and there is no showing that if the plaintiff did have the custody of the minor child for a time that the support money has not been paid. The existence of a judgment for reasonable attorney's fees is not such a property right as would prevent the abatement of the appeal. Under our practice the award of the sum of $100 as a reasonable attorney's fee to be paid by the defendant would have been warranted regardless of whether the plaintiff won or lost the suit. Furthermore there is no showing that this sum has not been paid and there is also no contention on the part of the defendant that the amount of the attorney's fee was unreasonable. Under the rule of *Adamson v. Snider,* 131 Kan. 284, 291 P. 744, it would appear that in the absence of any objections as to the reasonableness of the award we should hold that no property rights are involved. For those reasons we are justified in holding that the suit does not abate but that this appeal does abate. The appeal is therefore dismissed.

PAGE, J., concurs in the result.