Submitted on motion to dismiss appeal June 22, appeal dismissed June 30, 1954, reasonableness of attorneys' fees argued January 19, affirmed January 26, 1955

BAUMAN, Executor of the Estate of RALPH R. CLARK, Deceased *v.* CLARK

272 P. 2d 214
279 P. 2d 478

*Black, Kendall & Fain* and *Stewart Tremaine,* of Portland, for the motion of Defendant, Respondent and Cross-Appellant.

*Glen McCarty,* of Portland, contra.

BRAND, J.

Ralph R. Clark, the plaintiff, brought suit for divorce, and the defendant Lydia V. Clark, by way of cross-complaint, sought a decree of separation from bed and board. After trial the court entered a decree dismissing the plaintiff's cause of suit and dismissing the defendant's cross-complaint and ordering that the plaintiff pay to the defendant the sum of $4,750 as attorney's fees and costs. The plaintiff appealed, and while the cause was pending in this court, he died. The defendant then filed a motion for an order dismissing the appeal which was taken by the plaintiff and also dismissing the cross-appeal taken by the

defendant. In addition to moving for the dismissing of the appeal and cross-appeal, the defendant also moved that in the event that the respondent's first motion should be denied, she have an order dismissing the appeal and cross-appeal, excepting only as the same pertained to the amount awarded by the court for attorney's fees and costs. The appeal which had been taken by the plaintiff was from the decree dismissing plaintiff's complaint and from that portion of the decree providing that the defendant recover from the plaintiff the sum of $4,750 plus costs and disbursements. Plaintiff also appealed from the order of the court made prior to the final decree directing the plaintiff to pay to the clerk of the court forthwith the said sum of $4,750 as funds necessary to enable the defendant wife to defend the suit. Plaintiff also appealed from an order denying the motion to introduce additional evidence. The defendant appealed from the order dismissing her cross-complaint and also from the order awarding to her the sum of $4,750. She likewise appealed from the order made before the decree awarding to her the sum of $4,750. Upon showing of the death of the plaintiff, orders were entered by the circuit judge and also by the Chief Justice of this court, authorizing the executor of the estate of Ralph R. Clark to continue the above-entitled suit and substituting the said executor as plaintiff-appellant therein. No question can be raised as to the right of the defendant to dismiss her own cross-appeal and it is therefore dismissed.

■ We next consider whether the defendant is entitled to an order dismissing the plaintiff's appeal from that portion of the decree which dismissed his complaint for divorce. When the plaintiff died, the de-

fendant was his undivorced wife. We are without power to divorce a dead man from his widow.

■ The next question relates to our right to entertain the appeal for the purpose of adjusting property rights of the parties which could have been adjusted if the circuit court had granted to the plaintiff a decree of divorce, which it did not do. Our power to adjudicate concerning property rights of husband and wife is derived strictly from statute and the statute authorizes adjustment of property rights of the parties only under the following circumstances, to wit: "Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:" OC LA § 9-914, amended Laws 1953, ch 555 (now ORS 107.100). Then follow the various provisions for the adjustment of property rights. Since we cannot declare the marriage dissolved, we are without statutory authority to determine the property rights of the parties. It follows that we cannot consider or determine what the property rights of the parties would be, even if we should be of the opinion that the trial court erred in refusing to grant to the plaintiff a decree of divorce.

A different problem is presented in connection with the appeals which both parties took from the order awarding to the defendant $4,750 by way of attorney's fees and costs. The transcript on appeal shows that the order directing the plaintiff to pay the said sum to the defendant was made before the decree and was thereafter incorporated in the final decree. The position of the plaintiff was that the award was too large and that of the defendant was that the award was too small. The defendant by moving to dismiss her cross-appeal now indicates that she is satisfied with the amount awarded. The executor,

however, who is substituted for the plaintiff, still contends that the award was excessive.

3. In *Mignot v. Mignot,* 187 Or 142, 210 P2d 111, this court called attention to the fact that there was no showing that the sum of $100, which was awarded as reasonable attorney's fee was unreasonable. In the case at bar there was an issue as to the reasonableness of the attorney's fee. In *Mignot v. Mignot* we said:

> "* * * Under the rule of Adamson v. Snider, 131 Kan. 284, 291 P. 744, it would appear that in the absence of any objections as to the reasonableness of the award we should hold that no property rights are involved. * * *" 187 Or at 150.

A judgment for the payment of money is a property right. To the extent to which the reasonableness of the attorney's fee is put in issue, we think that there were property rights involved and that the decision on that matter was one which was not dependent upon the granting or denying of a decree of divorce. The determination of that question depends upon the record and the established rules for determining the appropriate amount which should be awarded as attorney's fees.

The motion to dismiss the appeals is allowed, except as to the plaintiff's appeal from the portion of the decree awarding attorney's fees and costs.

*Glen McCarty,* Portland, argued the cause and filed briefs for appellant.

*David Fain* argued the cause for respondent. On the brief were Black, Kendall & Fain and John J. Higgins, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

### PER CURIAM.

This appeal, by reason of the earlier disposition of the motion hereinafter referred to, has been reduced to a challenge to the reasonableness of the attorneys' fees allowed by the circuit court to the defendant wife pursuant to ORS 107.100 (g).

The plaintiff Ralph R. Clark brought suit against his wife Lydia V. Clark for the dissolution of the marriage contract. The defendant countered with a cross complaint seeking a decree for separate maintenance and support. After a trial lasting approximately five days, the lower court entered a decree dismissing the complaints of both parties and allowing the wife the previously-ordered sum of $4,750 as attorneys' fees, in addition to an earlier allowance of $750.

The plaintiff Clark appealed from the decree, alleging error in the denial of a divorce to him and in the allowance of attorneys' fees to the defendant. However, after the appeal had been perfected and was ready for hearing in this court, the plaintiff died and W. G. Bauman was substituted as executor of the decedent Clark's last will and testament.

Thereafter, the defendant widow moved to dismiss the plaintiff's appeal and the cross appeal taken by her. The motion was allowed in part and denied in part, leaving the appeal of the plaintiff standing solely with reference to the question of the reasonableness of the

amount of the attorneys' fees allowed by the circuit court.

■ We have carefully examined the record. Giving due weight to the nature of the case and the time employed in its preparation and presentation at trial and to the values of the properties accumulated by the plaintiff, we find the allowance made by the circuit court to be reasonable.

■ The defendant respondent, following the procedure indicated by *Green v. State Ind. Acc. Com.*, 197 Or 160, 170, 251 P2d 437, 252 P2d 545, has employed her brief as the medium to pray for an additional allowance for the services of her counsel in this court. This request is predicated upon ORS 107.100 (3) reading:

> "If an appeal is taken from the decree or other appealable order in a suit for dissolution or annulment of the marriage contract, and the Supreme Court awards costs and disbursements to the prevailing party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney's fee on the appeal." Oregon Laws 1953, ch 553 (7).

The respondent being entitled to an award for her costs and disbursements herein, we think she should also have judgment in the sum of $500 as a reasonable amount for the services of her attorneys on this appeal.

Affirmed.