Argued July 19, reversed October 4, petition for rehearing
denied November 3, petition for review denied
December 14, 1971

DRUCKER, *Respondent*, v. DRUCKER, *Appellant.*

488 P2d 1377

*Clyde R. Richardson,* Portland, argued the cause for appellant. With him on the briefs were Wheelock, Richardson, Niehaus, Baines and Murphy, Portland.

*John P. Kneeland,* Portland, and *William E. Hurley,* Portland, argued the cause for respondent. On

the brief were William E. Hurley and Bernard, Hurley, Hodges & Kneeland, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant husband died after the court had entered a preliminary order against him for support in a separate maintenance suit, but before any order awarding attorneys' fees had been made. The preliminary order which allowed support said, concerning attorneys' fees:

> "The question of costs and sums for attorneys' fees shall be deferred at this time."

The issue on this appeal is whether the death of the defendant husband abated the proceeding so that the trial court was without jurisdiction after the death to enter a subsequent order for support and attorneys' fees. The trial court believed that the

> "* * * * * *
>
> "* * * jurisdiction of this Court was not entirely abated by the death * * * but * * * the allowance of attorneys' fees and costs is a matter over which the Court still retains jurisdiction.
>
> "* * * * * *"

The trial court then made an allowance of $13,988.53 to plaintiff as attorneys' fees and costs. Defendant bank, executor of defendant's estate, appeals.

By the weight of authority in most jurisdictions, upon the death of one of the parties divorce proceedings are abated if no decree has been entered.

27A CJS 348-49, Divorce § 100, provides:

> "In the absence of a statute to the contrary, a

cause of action for divorce or a pending suit therefor abates on the death of either party, and the jurisdiction of the court to proceed with the action is terminated. * * *"

This same position is taken in Annotation, 104 ALR 654 (1936).[1]

The plaintiff widow relies primarily on three Oregon statutes[2] and two recent Supreme Court decisions.

---

[1] *See also,* 24 Am Jur 2d 724, Divorce and Separation § 599; 3 Nelson, Divorce and Annulment 111, § 27.10 (2d ed 1945); Tillman v. Tillman, 172 F2d 270 (DC Cir 1948), *cert denied* 336 US 954 (1949); and Poon v. Poon, 244 Cal App2d 746, 53 Cal Rptr 365 (1966).

[2] ORS 107.090 provides that:

"(1) After the commencement of a suit for dissolution of the marriage contract or to have a marriage declared void and before a decree therein, the court may provide * * *

"(a) That the husband or wife pay to the clerk of the court such amount of money as may be necessary to enable his or her spouse to prosecute or defend the suit * * *.

"* * * * *"

ORS 107.100(1) states in pertinent part:

"Whenever a marriage is declared void or dissolved, the court has further power to decree as follows:

"* * * * *

"(g) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.090, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit, as the case may be."

Finally, ORS 107.250 provides:

"After the commencement of a suit for separation from

These statutes authorize the court to provide several types of financial help for the plaintiff or defendant after commencement of the suit and before a decree is entered. In the case at hand the court did provide for temporary support of the wife and two children on February 21, 1969. Had the court at that time awarded temporary attorneys' fees, there would have been no question as to its statutory authority to do so. The suit had not then abated. Instead, "the question of * * * attorneys' fees" was postponed until a later date. This suggests that the court at a later date *might* have found that *no* award of attorneys' fees was called for. *Fox v. Fox,* 254 Or 444, 460 P2d 1013 (1969).

These statutes give the court authority to award temporary support and costs as attorneys' fees to enable a person to vigorously commence or defend this type of suit. The trial court here was aware of this power, but did not attempt to award fees until after the death of the defendant—i.e., after the suit had abated.

Plaintiff also contends that under the rule of *Bauman v. Clark,* 203 Or 193, 272 P2d 214, 279 P2d 478 (1955), a court does have the power to grant such fees even though a divorce is not granted to either of

---

bed and board and before the decree therein, the court may provide as follows:

"(1) That the husband or wife pay to the clerk of the court such amount of money as may be necessary to enable his or her spouse to prosecute or defend the suit, as the case may be, and also such amount of money as may be necessary to support and maintain his or her spouse during the pendency of the suit.

"(2) For the care, custody and maintenance of the minor children of the marriage during the pendency of the suit.

"* * * * *"

the parties. This is true, but with an important requirement—that being the court's having made some determination of the case. A quote from the statement of facts in *Bauman* makes the distinction clear between that case and the one at bar:

"* * * After trial the court entered a decree dismissing the plaintiff's cause of suit and dismissing the defendant's cross-complaint and ordering that the plaintiff pay to the defendant the sum of $4,750 as attorney's fees and costs. * * *" 203 Or at 194.

In the case under consideration, no decree of any sort was entered and prior to defendant's decease no order was entered requiring plaintiff to pay attorneys' fees or costs.

In *Zavin v. Zavin,* 229 Or 289, 366 P2d 733 (1961), also cited by plaintiff, a decree had been entered by the lower court granting a divorce *and* the court had ordered the payment of fees.

The fact that the orders in *Bauman* and *Zavin* were accompanied by decrees deciding the suits is important for we can find little support for the position taken by the plaintiff that after abatement the court still retains jurisdiction to award attorneys' fees. What sparse authority exists supports the position of the defendant executor. *Hogsett v. Hogsett,* 409 SW2d 232 (Mo App 1966); *Meyers & Batzell v. Moezie,* 208 A2d 627 (DC App 1965); *Fitzgerald v. Williams,* 170 A2d 777 (DC Mun App 1961); and *Bevelle v. Bank of America,* 80 Cal App2d 333, 181 P2d 730 (1947). As was stated in *Meyers* at 629:

"* * * We hold that a husband can be held liable for the legal expenses incurred by his wife in a divorce action only if the divorce court so orders during the pendency of the action."

A recent case which is contra is *Spiro v. Spiro,* 124 Ill App2d 254, 260 NE2d 332 (1970). However, in *Spiro* the question was the award of *additional* attorneys' fees which were based on an order which had granted temporary costs already made by the court before any death. Thus, *Spiro* may be distinguished from the case at bar in the same way *Bauman* and *Zavin* were distinguished.

We are not unaware that the cases cited are from other states and based on other statutes. However, we do not find language in the Oregon statutes or cases which suggest that a court, in a situation such as we have here, may retain jurisdiction after abatement. Moreover, it is settled law that *pendente lite* orders for attorneys' fees must be made after commencement of the suit and before a decree. *Goodman v. Goodman,* 165 Or 141, 105 P2d 1091 (1940); *Billion v. Billion,* 122 Or 68, 256 P 389, 256 P 769 (1927). Since death and a decree accomplish the same end—the conclusion of the suit—we hold that since no temporary order granting fees had been made prior to the death or decree, the court's jurisdiction ended.

Reversed.