Argued September 19, affirmed October 14, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
WIRTHLIN, *Appellant, and* WIRTHLIN
(No. 394-263), *Respondent.*

527 P2d 147

*Robert P. VanNatta,* St. Helens, argued the cause for appellant. With him on the brief were VanNatta & Petersen, St. Helens.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Frank Pozzi, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

SCHWAB, C. J.

In this appeal from a decree dissolving the marriage of the parties the sole issue relates to that portion of the decree dividing the assets of the parties and failing to award attorney fees to either party.

The parties were married in 1955 and have twin sons who were 17½ years of age at the time of the decree. Both parties have emancipated children by prior marriages. Neither party had any substantial assets at the time of the marriage. They have worked during most of their married life and accumulated assets which, accepting the appellant-wife's valuation, totaled approximately $110,000. The wife is in good health. The husband is partially disabled as a result of an industrial accident in 1970, treatment of which required two laminectomies and one fusion. Fifty-thousand dollars of the parties' assets are corporate securities, being the market value at the time of the hearing of the investment of $70,000 which the husband received in 1973 in settlement for his claim for damages arising out of his disabling industrial accident.

The court gave custody of the two 17½-year-old boys to the mother and required that the father pay child support until the boys reach 18, or until age 21 if they remained full-time students. The court awarded no attorney fees and divided the property by giving assets worth $41,000 to the wife and assets worth $69,000, including all of the corporate securities,[1] to the husband.

■■ On appeal the wife argues that the division of property was unfair to her, stating in her brief:

"* * * [T]he tenor of the cases over the last ten years has been for the court to take a dull ax and divide the family assets down the middle usually awarding the long half to the wife * * *. In marriages which have lasted more than a few months, the courts have tended this way regardless of the sources of the assets."

This statement is not far from the mark, but ignores the underlying rationale of our opinions applying the "no-fault" doctrine, ORS 107.036,[2] which is to put

---

[1] If these securities have not been sold their current market value may well be substantially less than $50,000.

[2]

"(1) The doctrines of fault and of in pari delicto are abolished in suits for the annulment or dissolution of a marriage or for separation.

"(2) The court shall not receive evidence of specific acts of misconduct, excepting where child custody is an issue and such evidence is relevant to that issue, or excepting at a hearing when the court finds such evidence necessary to prove irreconcilable differences.

"(3) In dividing, awarding and distributing the real and personal property (or both) of the parties (or either of them) between the parties, or in making such property or any of it subject to a trust, and in fixing the amount and duration of the contribution one party is to make to the support of the other, the court shall not consider the fault, if any, of either of the parties in causing grounds for the annulment or dissolution of the marriage or for separation.

the parties in a position financially, in so far as is possible,[9] that they would have been in had the marriage not been dissolved. *Cf., Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). This case is a departure from the usual because here the wife has been regularly employed, is presently capable of producing a reasonably good income and the husband's future earning capacity is limited and uncertain because of his physical disabilities. Therefore, it is the husband who needs, as appellant puts it in her brief, "the long half" of the assets.

■ That portion of the statute pertaining to an award of attorney fees at the trial level is couched in permissive rather than mandatory terms.[4] Here the assets awarded the wife included $8,000 in cash and we agree with the trial judge that having made a division

---

"(4) Where satisfactory proof of grounds for the annulment or dissolution of a marriage or for separation has been made, the court shall not award a decree to either party but shall only decree the annulment or dissolution of the marriage or for separation. A decree of separation shall state the duration of the separation." ORS 107.036.

[9] Unfortunately, more often than not this is impossible.

[4]
"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(h) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit." ORS 107.105.

of the assets which was equitable under the "no-fault" doctrine there was no reason not to require each party to pay his own attorney fees.

Affirmed. No costs to either party.