Argued August 19, affirmed as modified November 3,
reconsideration denied December 3, 1975, petition
for review denied January 13, 1976

IN THE MATTER OF THE DISSOLUTION OF THE

MARRIAGE OF LIBBY, *Respondent, and* LIBBY
(No. 404-649), *Appellant.*

541 P2d 1077

*Francis F. Yunker,* Portland, argued the cause and filed the briefs for appellant.

*Ann Morgenstern,* Portland, argued the cause for respondent. With her on the brief were Reiter, Wall, Bricker & Zakovics, P. C., Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

On March 24, 1975, the court entered its decree of dissolution of the Libby marriage. On April 1, 1975, the husband died. His will was duly proved and letters testamentary issued to his executor, Darrell E. Bewley. On April 15, by order of the circuit court, Mr. Bewley, pursuant to motion, was duly substituted as party respondent in said dissolution proceeding. On April 17, 1975, the executor filed a notice of appeal from the decree of dissolution "save and except the granting of the divorce therein." Thereafter the wife, petitioner below and respondent on appeal, filed her motion to dismiss this appeal on the ground that this court lacks jurisdiction to consider it. This motion was previously denied by this court with leave to renew it at the time of argument. The entire matter is thus before us.

## *Motion to Dismiss*

The position of the wife is succinctly set forth in her motion as follows:

"The domestic relations statutes which allow appeals from divorce decrees provide a finality to divorce proceedings when one of the parties dies prior to filing an appeal. The language of O.R.S. 107.115[1] provides that the jurisdiction of the ap-

---

[1] ORS 107.115 provides:

"(1) A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless a party is married to another person. Such decree shall give the court jurisdiction to award, to be effective immediately, the relief provided by ORS 107.105. The decree shall revoke a will pursuant to the provisions of ORS 112.315, but the decree shall not be effective in so far as it affects the marital status of the parties until the expiration of 60 days from the date of the decree, or, if an appeal is taken, until the suit is determined on appeal, whichever is later.

"(2) In case either party dies within the 60-day period specified in subsection (1) of this section, the decree shall be considered to have entirely terminated the marriage relationship immediately before such death, unless an appeal is pending.

"(3)(a) The Court of Appeals or Supreme Court shall continue to have jurisdiction of such an appeal pending at the time of the death of either party. The appeal may be continued by the personal representative of the deceased party. The attorney of record on the appeal, for the deceased party, may be allowed a reasonable attorney fee, to be paid from the decedent's estate. However, costs on appeal may not be awarded to either party.

"(b) The Court of Appeals or Supreme Court shall have the power to determine finally all matters presented on such appeal. Before making final disposition, the Court of Appeals or Supreme Court may refer the proceeding back to the trial court for such additional findings of fact as are required.

"(4) The marriage relationship is terminated in all respects at the expiration of the 60-day period specified in subsection (1) of this section, or, if an appeal is taken, when the suit is determined on appeal, whichever is later, without any further action by either party. However, at any time within the 60-day period or while an appeal is pending, the court may set aside the decree upon motion of both parties.

pellate court will continue if the appeal has been filed prior to the death of either party. A personal representative is not given the power to initiate an appeal from a divorce decree."

It is thus conceded that had the appeal been filed prior to the death of the husband this court would have had jurisdiction of the matter. Thus an important issue here is whether the right of appeal exists if death occurs after judgment or decree, but prior to initiation of appeal.

ORS 13.080 provides in pertinent part:

"(1)  No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein.

"(2)  In case of the death of a party, the court shall, on motion, allow the action or suit to be continued:

"(a)  By his personal representative or successors in interest at any time within one year after his death.

"(b)  Against his personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after his death.

"* * * * *."

Subsection (2)(b) of this statute has been interpreted to authorize an appeal to be *initiated* against the personal representative of a deceased litigant. *Adams v. Perry*, 168 Or 132, 111 P2d 581 (1941). It logically follows that if subsection (2)(b) is so interpreted,

---

"(5)  A decree declaring a marriage void or dissolved shall specify the date on which the decree becomes finally effective to terminate the marriage relationship of the parties.

"(6)  The 60-day period specified in subsection (1) of this section does not apply when a decree declares a marriage void under ORS 107.005."

subsection (2) (a) should receive the same interpretation.

At argument the wife relied primarily on *Bauman v. Clark,* 203 Or 193, 272 P2d 214, 279 P2d 478 (1954 as to motion to dismiss, 1955 on the merits). In that case the trial court had denied a divorce to the husband on his complaint and to the wife on her cross-complaint. Accordingly it had dismissed the complaint and the cross-complaint. The husband appealed and the wife cross-appealed. After the appeals had been perfected, the husband died. The wife then dismissed her cross-appeal. The court stated:

"* * * No question can be raised as to the right of the defendant to dismiss her own cross-appeal and it is therefore dismissed.

"We next consider whether the defendant is entitled to an order dismissing the plaintiff's appeal from that portion of the decree which dismissed his complaint for divorce. When the plaintiff died, the defendant was his undivorced wife. We are without power to divorce a dead man from his widow." 203 Or at 195-96.

Accordingly it held it had no jurisdiction to consider the appeal. Here, however, the trial court did grant a decree of dissolution of the marriage. The appellant executor on this appeal does not challenge the decree insofar as it dissolved the marriage, and thus in effect seek to remarry these parties after the death of one of them, and the respondent wife has not cross-appealed. Rather, the sole challenge is to the provisions relating to division of property and support contained in the decree of dissolution.

In *Bauman* the court also said:

"The next question relates to our right to entertain the appeal for the purpose of adjusting property rights of the parties which could have been adjusted if the circuit court had granted to the

plaintiff a decree of divorce, which it did not do. * * *" 203 Or at 196.

It then concluded that since the decree dismissing both the complaint and cross-complaint contained a judgment for attorney fees awarded to the wife pendente lite, and that since "a judgment for the payment of money is a property right," it had jurisdiction to consider on appeal the reasonableness of that award of attorney fees, stating:

> "*. * * To the extent to which the reasonableness of the attorney's fee is put in issue, we think that there were property rights involved and that the decision on that matter was one which was not dependent upon the granting or denying of a decree of divorce. The determination of that question depends upon the record and the established rules for determining the appropriate amount which should be awarded as attorney's fees." 203 Or at 197.

*See also: Mignot v. Mignot,* 187 Or 142, 210 P2d 111 (1949); *Nickerson v. Nickerson,* 34 Or 1, 48 P 423, 54 P 277 (1898).

In *Nickerson* the court considered a case where the wife sued the husband for a divorce and obtained a decree of divorce which also awarded her an undivided one-third interest in the property. The husband died while his appeal was pending. Respondent wife moved to dismiss the appeal on the ground it was abated by his death. In denying the motion the court said:

> "* * * [W]here the consequences of the divorce are such as affect the property rights of the parties to the suit, the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce within itself; but for the ascertainment of whether the property has been right-

fully diverted from its appropriate channel of devolution. \* \* \*

"It has been suggested that the relief which the statute affords by giving the prevailing party in the suit a one-third interest in the lands of the spouse is but an incident to the divorce, and operates as a penalty for a violation of the marital relations. And so it is, but it does not follow that the suit, after divorce granted, or even that the appeal, abates upon the death of a party thereto. \* \* \* From these considerations we conclude that the suit did not abate by the death of the defendant, except as it pertains to the cross bill, neither does the appeal, but that *the cause and the appeal both survive* to the heirs of the deceased \* \* \*." 34 Or at 3-5. (Emphasis supplied.)

We note, too, that ORS 107.115(1) provides in part:

"A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless a party is married to another person. Such decree shall give the court jurisdiction to award, to be effective immediately, the relief provided by ORS 107.105. \* \* \*"

ORS 107.105 in turn provides in subsection (1)(e) that the court may in its decree of dissolution grant an award "[f]or the division or other disposition between the parties of the real or personal property, or both \* \* \*."

■ We conclude therefore that we do have jurisdiction on this appeal to consider the award made by the trial court in its dissolution decree for division of property.

Since this appeal raises no issue concerning the granting by the decree of the dissolution of the marriage, we find it unnecessary to consider whether under the circumstances here presented this court would have jurisdiction of such an appeal.

ORS 115.305 provides:

"All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."

■ Since the appeal here includes that portion of the decree relating to property rights, we think it clear under *Bauman* and *Nickerson* that the executor had the right within the statutory period to appeal from the award of property, even though Mr. Libby died prior to the filing by the executor of the notice of appeal. In the view we take of this case, we find it unnecessary to consider whether the executor may appeal from that portion of the decree which relates to support for the husband.[2]

*On the Merits*

The parties were married in 1965. At the time of the decree in 1975 the wife was 50 and the husband 67. There were no children. Both parties had been gainfully employed as court reporters, although at the time of the decree Mr. Libby was "semi-retired." He was, however, receiving social security in the amount of $272 a month and a pension from the state of Illinois in the amount of $435 a month for his services as a court reporter.

Each party had brought substantial assets into the marriage and they owned considerable property at the time of the decree.

The court's two opinions in this matter, as set forth in appellant's abstract,[3] succinctly summarize its findings relating to the property as follows:

"March 7, 1975

"A decree may be entered dissolving the marriage

[2] *See*, in that connection, Shields v. Bosch, Executor, 190 Or 155, 224 P2d 560 (1950).

[3] The actual opinions are not included in the trial court file, nor do they appear in the record. Respondent, however, does not challenge them.

and it will terminate 60 days from the date you gentlemen agree.

"The following shall be awarded to Mrs. Libby:
1. Home
2. Household furniture, fixtures and appliances
3. The stock she has and that is in her name
4. Her auto
5. Her business machines
6. Bank accounts
7. Jewelry and personal items.

"The following to Mr. Libby:
1. His stock in his name
2. His auto
3. The business machines in his possession
4. His bank accounts.

"In addition, Mrs. Libby is to give him one typewriter and one stenorette machine as well as his steel desk. Further, he shall have judgment against her in the sum of $17,500.00, payable at the rate of $150.00 per month, no interest so long as the payments are made monthly. The payments to be made until either the entire sum is paid, or the death of Mr. Libby, after which time, the judgment shall be considered paid.

"Mrs. Libby came into the marriage with assets of $28,500.00. Allowing an increase of $1,500.00 for jewelry, she is ending up with gross assets of $58,972.00. Deducting the $17,500.00, leaves her net assets of $41,472.00, or an increase over the original amount of $12,972.00.

"Mr. Libby came into the marriage with assets of $37,000.00. The value of those items I have given him is $22,902.00, plus the $17,500.00 or a total of $40,402.00, or, an increase of $3,402.00.

"This is the best I can figure out."

"March 12, 1975
"I overlooked this in my original order. I want the

decree to provide the $150.00 payments are by way of support, this will not particularly hurt Mr. Libby tax wise but it will help Mrs. Libby."

The decree generally incorporated the foregoing, though in greater detail. Its final provision was:

"Petitioner is ordered and directed to pay to respondent the sum of $18,150.00 in 121 regular consecutive monthly payments, with the first payment to be made on the 15th day of April, 1975 and to continue each month thereafter until such time as the said $18,150.00 shall have been paid or until such time as respondent shall die; said judgment shall not bear interest so long as petitioner shall make the 150.00 payments each month thereafter."

The increase to $18,150, according to appellant's brief, was at the respondent's request "to gain tax benefits which would apply by reason of the higher judgment." The respondent does not contradict this. Appellant also concedes in his brief: "The judgment therefore became one for support rather than for a settlement of property rights."

■ As previously stated, we do not find it necessary, since it is a self-destruct provision, to consider whether or not this court has jurisdiction to review a provision for support when the benefited spouse has died,④ as here.

In *Wirthlin and Wirthlin*, 19 Or App 256, 527 P2d 147 (1974), we said:

"* * * [T]he underlying rationale of our opinions applying the 'no-fault' doctrine, ORS 107.036,

---

④ *See*: Shields v. Bosch, Executor (n 2, supra), 190 Or at 158, where the court said:

"Moreover, the right to alimony is strictly a personal right as distinguished from a property right, and a cause of suit therefor does not survive to the personal representatives of a deceased person; death terminates the right. [Citation omitted.]"

. * * * is to put the parties in a position financially, in so far as possible, that they would have been in had the marriage not been dissolved. *Cf., Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). This case is a departure from the usual because here the wife has been regularly employed, is presently capable of producing a reasonably good income and the husband's future earning capacity is limited and uncertain because of his physical disabilities. Therefore, it is the husband who needs, as appellant puts it in her brief, 'the long half' of the assets." (Footnote omitted.) 19 Or App at 258-59.

*See also: Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972).

■ From our review of the evidence, we conclude that consistent with the above authorities, the decree should be modified by awarding to the appellant the additional amount of $10,000 payable in three equal annual installments. If not paid when due each installment shall bear interest from the date of the decree; otherwise no interest shall be payable. As so modified the decree is affirmed without costs to either party.

Affirmed as modified.