Argued November 16, 1976, affirmed January 17, 1977

In the Matter of the Dissolution of the Marriage of
BLANK, *Appellant,*
*and*
BLANK, *Respondent—Cross-Appellant.*
(No. E-6184, CA 5889)
558 P2d 1280

Arthur R. Barrows, Pendleton, argued the cause and filed the brief for appellant.

James Habberstad, The Dalles, argued the cause for respondent—cross-appellant. With him on the brief was Dick & Dick, The Dalles.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Both appellant-husband and respondent-wife appeal from a decree dissolving their marriage of 16 years' duration, each contending that the division of property ordered by the court failed to provide him or her with an "equitable" share of the marital assets.[1]

Husband, age 63 at the time of the entry of the decree, has been compelled to retire from the Oregon State Police and has been adjudged totally disabled by the Department of Veterans' Affairs; he currently receives and will continue to receive a combined disability retirement monthly income of over $1,200. Wife, 56 years of age, has been continuously employed throughout the course of the marriage, enjoys good health, and, while presently earning an income substantially less than that received by husband, may be expected to pursue her career and to take advantage of attendant opportunities to increase her earned income in the future. Neither party was ordered to make support payments to the other, and on appeal neither argues that any such provision should have been included in the decree.

Under these circumstances the property division decreed by the trial court, a division which resulted in

---

[1] Having granted a decree of dissolution, a circuit court is also vested with broad discretion to provide for the

"* * * division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances." ORS 107.105(1)(e).

In attempting to formulate a property division which will be "just and proper in all the circumstances" (ORS 107.105(1)(e)), the relevant facts for consideration are:

" ' "* * * The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *" ' " *Stettler v. Stettler,* 2 Or App 119, 121, 467 P2d 130 (1970), quoting *Siebert v. Siebert,* 184 Or 496, 502-03, 199 P2d 659 (1948).

a roughly equal distribution of the marital assets between the parties, was entirely "just and proper."[2]

Affirmed. Costs to neither party.

---

[2] Wife has also suggested that the circuit court erred when it failed to award her attorney fees; in light of the property division decreed we agree with the trial court that there was no reason not to require each party to pay his/her own attorney fees. *Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974).