# In the Matter of the Dissolution of the Marriage of
## CARTER, *Appellant,*
### *and*
## CARTER, *Respondent.*
### (No. 95858, CA 7448)

564 P2d 1076

Larry Dawson, Portland, argued the cause and filed the brief for appellant.

Edwin J. Welsh, Portland, argued the cause for respondent. With him on the brief were Welsh & Winfree, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this dissolution-of-marriage proceeding, wife appeals from the property division made by the trial court and from the court's failure to award her spousal support or attorney fees.

Husband, aged 49, and wife, aged 29, were married in 1969. No children were born to the couple during the marriage. Prior to the marriage, wife was employed as a beautician, with an annual gross income of $6,000, and husband was employed in the meat department of a grocery store. In 1970 husband bought a grocery store using borrowed capital. He operated the store as a sole proprietorship and manages the day-to-day business of the store. The store has become profitable, but the need for expansion and modernization of the store's facilities has required substantial additional loans. Several witnesses gave conflicting estimates of the net value of the store.

Since 1970, wife has worked on a sporadic basis making pizzas and wrapping meat in the grocery store. On occasion she worked full-time in the store, and on other occasions she worked part-time or not at all. Husband has spent 70 hours per week managing the store since its inception. Various witnesses, including some offered by wife, concluded that husband's efforts in the meat department were responsible for the success of the store.

During the marriage, the parties lived on up to $700 monthly which husband drew from the store's account. They have not accumulated substantial assets apart from the store. Wife has now returned to working as a hairdresser with a gross annual income of approximately $5,000 which may increase as she becomes acquainted with recent changes in hairstyles.

The court awarded husband all interest in the grocery store, as well as all his personal effects, the latter valued at approximately $26,000. The court awarded wife a $50,000 judgment against husband,

$10,000 payable immediately and the balance in monthly installments over the course of five years, "representing her equitable share of the grocery business assets," as well as her personal effects which have a value of $3,600. The court noted that in light of this judgment he would make no award of spousal support.

We agree with the trial court's division of the parties' assets. Although the valuations placed on the store varied, the estimates made by persons experienced in valuing similar stores all ranged between a negative value and $95,000. The witness most experienced in valuing similar grocery stores, who had been involved in buying and selling 80 to 90 such stores, placed a net value of $20,000 to $25,000 on husband's store. Thus it appears that the wife has received the "long half" of the parties' assets, *Wirthlin and Wirthlin*, 19 Or App 256, 527 P2d 147 (1974), and has no basis to complain about the property division.

■ Given the property division favorable to wife, the short duration of the marriage, the wife's employability, the periodic payments she will receive from husband under the terms of the decree, and the ages of husband and wife, we conclude, as did the trial court, that an order of spousal support is inappropriate in this case.

■ Wife also contends that the court improperly refused to require husband to pay her attorney fees. Considering the decree as a whole, we do not find the failure to award attorney fees inappropriate.

Affirmed. No costs to either party.