Argued and submitted September 27, affirmed November 8, 2000

In the Matter of the Marriage of

Laura Sothan TROTTS,
*Respondent,*

*and*

William Harry TROTTS,
*Respondent (Deceased),*

*and*

William D. TROTTS
and Richard R. Trotts,
Co-Personal Representatives
of the Estate of William Harry Trotts,
*Appellants.*

(99-03543CV; CA A108747)

13 P3d 1035

George W. Kelly argued the cause and filed the brief for appellants.

Michael P. Rudd argued the cause and filed the brief for respondent Laura Sothan Trotts.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Appellants, the personal representatives of the now-deceased respondent, William Trotts, appeal from the trial court's order dismissing the dissolution proceeding initially filed by petitioner Laura Trotts. Appellants assign error to: (1) the trial court's denial of their motion to substitute for respondent for purposes of resolving property distribution issues; and (2) the trial court's allowance of petitioner's motion to dismiss the proceeding following the respondent's death. We conclude that respondent's death deprived the trial court of jurisdiction to enter a judgment of dissolution, and that such a judgment was the prerequisite for any distribution of property under ORS 107.105. *See* ORS 107.115(1). Consequently, we affirm.

There is no dispute as to the material facts. On September 13, 1999, petitioner filed a petition for dissolution of her marriage with respondent. Respondent filed an appearance on October 7, 1999, and died that same day. As of the date of respondent's death, no trial had occurred in the dissolution proceeding, and the trial court had not entered a judgment of dissolution.

■ On October 12, 1999, appellants, as personal representatives for the deceased respondent, filed a motion pursuant to ORCP 34,[1] seeking to substitute themselves for respondent to resolve the property distribution issues raised by the dissolution proceeding. The trial court held a hearing on the motion on October 13, 1999. At that hearing, the personal representatives argued that, although the issue of dissolution abates on the death of one of the parties to a divorce action, the property issues remain:

> "[T]he Court nevertheless retains jurisdiction in the dissolution action to resolve the properties [*sic*] matters as

---

[1] ORCP 34 states, in relevant part:

"A No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the claim survives or continues.

"B In case of the death of a party, the court shall, on motion, allow the action to be continued:

"B(1) By such party's personal representative or successors in interest at any time within one year after such party's death[.]"

between the parties despite the death of one of the parties. And what is really abated is the Court's ability to grant a dissolution."

Petitioner responded that respondent's death divested the trial court of jurisdiction over the matter, with respect to both the dissolution itself and related property issues. On October 28, 1999, petitioner moved to dismiss the proceeding. The trial court granted the dismissal, concluding in a letter opinion that "the court no longer had jurisdiction." The personal representatives appealed from the subsequent judgment.[2]

■ On appeal, the personal representatives argue that the trial court erred both in failing to substitute them for the deceased husband and in failing to allow the action to continue for property distribution purposes. In particular, they assert that the Oregon Supreme Court's decision in *Nickerson v. Nickerson*, 34 Or 1, 48 P 423, 54 P 277 (1898), and our decision in *Libby and Libby*, 23 Or App 223, 541 P2d 1077 (1975), support their proposition that respondent's "claim to an equitable property division survive[s]" despite his death before entry of any judgment of dissolution.

Petitioner counters that *Libby* and *Nickerson* are both materially distinguishable in that in each of those cases the dissolution judgment had been *entered before* the decedent spouse's death. Indeed, petitioner asserts, that fact, which is not present here, was an essential predicate of the holdings in those cases. In addition, petitioner invokes *Drucker v. Drucker*, 7 Or App 85, 488 P2d 1377 (1971), and *Daywalt v. Bertrand*, 10 Or App 418, 500 P2d 484 (1972), for the proposition that the "death of one of the parties to a [dissolution] action prior to trial on the merits and entry of

---

[2] The trial court ultimately entered judgment without ruling on the personal representatives' motion for substitution pursuant to ORCP 34 and, in so doing, effectively denied that motion. That denial is appealable. *See Samuels v. Hubbard*, 71 Or App 481, 485, 692 P2d 700 (1984) (denial of motion to intervene under ORCP 33 is appealable under ORS 19.205(2)(a) in that "a decision to deny a motion to intervene affects a substantial right of the intervenor and, as a practical matter, determines the action so as to prevent a judgment in that action on the intervenor's claim or defense"). We perceive no principled distinction between substitution and intervention in that regard.

decree, abates the proceedings because the trial court no longer has jurisdiction."

Petitioner is correct. *Nickerson* and *Libby* differ materially from this case. In both of those cases, the fact that the spouse's death occurred after the trial court entered the judgment of dissolution was central to the court's analysis. For example, in *Nickerson*, the husband died during the pendency of the appeal, and the court concluded that, where the appeal pertained to the division of property, his estate could prosecute the appeal. In so holding, the court observed:

> "Had the defendant died prior to the divorce, his real property would have descended to his heirs, subject to his widow's right of dower, but under the decree she obtains an undivided one-third interest absolute therein, results of very different significance. So that the heirs have an interest in continuing the controversy, to determine whether they have been rightfully or wrongfully affected in their property rights." *Nickerson*, 34 Or at 4.[3]

In *Libby*, the husband died after the judgment of dissolution had been entered but before a notice of appeal had been filed and served. The trial court substituted the decedent's personal representative for purposes of prosecuting the appeal, which pertained to property division, and we denied the wife's motion to dismiss the appeal. In so holding, we framed the dispositive issue: "[W]hether the right of appeal exists *if death occurs after judgment or decree*, but prior to the initiation of appeal." *Libby*, 23 Or App at 226 (emphasis added). Thus, we had no occasion in *Libby* to consider the propriety of substitution for a decedent spouse before entry of judgment.[4]

---

[3] *Nickerson*'s holding is now codified in ORS 107.115(3)(a):

> "The Court of Appeals or Supreme Court shall continue to have jurisdiction of an appeal pending at the time of the death of either party. The appeal may be continued by the personal representative of the deceased party. The attorney of record on the appeal, for the deceased party, may·be allowed a reasonable attorney fee, to be paid from the decedent's estate. However, costs on appeal may not be awarded to either party."

Significantly, as emphasized below, that provision does not speak to the death of a party during the pendency of the dissolution proceeding in the trial court.

[4] In *Libby*, we distinguished *Bauman v. Clark*, 203 Or 193, 272 P2d 214, 279 P2d 478 (1954 as to motion to dismiss, 1955 on the merits), where the trial court refused to grant a divorce; both the husband and the wife appealed, and the

■ We further agree with petitioner that *Daywalt* and *Drucker generally* suggest that the death of one spouse before entry of judgment requires abatement of the dissolution action. *See Daywalt*, 10 Or App at 422 (where parties had entered into "property settlement agreement in contemplation of divorce" and one spouse died during pendency of dissolution proceedings, abating those proceedings, the prejudgment property settlement did not terminate the surviving spouse's right to take an intestate share of the deceased spouse's estate); *Drucker*, 7 Or App at 86-87 (spouse's death deprived trial court of jurisdiction to enter subsequent order for support and attorney fees; citing favorably persuasive authority for the proposition that "upon the death of one of the parties divorce proceedings are abated if no decree has been entered").

Ultimately, our holding rests not on decisional law—however persuasive—but on plain statutory language.

ORS 107.115(1) provides:

"A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless a party is married to another person. *Such decree shall give the court jurisdiction to award, to be effective immediately, the relief provided by ORS 107.105.*" (Emphasis added.)

ORS 107.105, in turn, pertains to various dissolution-related custody, support, and property matters, and specifically states:

"(1) *Whenever* the court grants a decree of marital annulment, dissolution or separation, it may further decree as follows:

---

husband died during the pendency of the appeal. The wife voluntarily dismissed her appeal and moved to dismiss the husband's appeal. The Oregon Supreme Court granted that motion:

"When the plaintiff died, the defendant was his undivorced wife. We are without power to divorce a dead man from his widow." *Bauman*, 203 Or at 195-96.

*Libby* distinguished *Bauman* on the basis of the entry of the judgment of dissolution: "[In *Bauman*, the court] held it had no jurisdiction to consider the appeal. Here, however, the trial court did grant a decree of dissolution of the marriage." *Libby*, 23 Or App at 227.

"\* \* \* \* \*

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances." (Emphasis added.)

*See also Weller v. Weller,* 164 Or App 25, 32, 988 P2d 921 (1999) (under ORS 107.105(1) and ORS 107.115(1), "[t]he legislature has expressly conditioned a circuit court's subject matter jurisdiction over support and child custody on its primary power to grant a dissolution, annulment, or legal separation").

The statutes are explicit. A judgment of dissolution is the jurisdictional predicate of any property division under ORS 107.105(1)(f). *See* ORS 107.115(1). Husband's death precluded entry of a judgment of dissolution. *See, e.g., Bauman,* 203 Or at 196 ("We are without power to divorce a dead man from his widow."). Consequently, the trial court correctly dismissed the dissolution action and denied the personal representatives' motion to substitute.

Affirmed.