Argued June 29, reversed and remanded September 10, 1964

# SWINT *v.* SWINT

395 P. 2d 114

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the briefs were Hollister & Thomas, Portland.

*Francis F. Yunker,* Portland, argued the cause and filed a brief for respondent.

GOODWIN, J.

This is an appeal from an order which set aside a decree of divorce.

On December 26, 1962, a decree was entered against William Swint and in favor of Verna Swint. William had filed a counter-suit for divorce, and the case was vigorously contested by both parties. Although the parties had no children, they possessed real and personal property. Pursuant to an agreement made during the trial, the decree divided the property between

the parties. There was no appeal, and distribution was made under the property-settlement agreement. Counsel have represented to this court that contracts were thereafter entered into for the deferred payment of the purchase price of certain parcels of real and personal property bought and sold between the parties. These contracts do not appear of record.

On February 3, 1963, Verna died. Thereafter, William discovered that a husband whose wife had died without children would, if he were a surviving spouse, take the wife's property without the burden of payments under a property-settlement agreement. He filed a motion to set aside the divorce decree on the ground that the district attorney for Multnomah County had not been served with a summons pursuant to ORS 107.040.

The trial court found that the district attorney had not been served with a summons and had neither appeared at the trial nor waived the provisions of ORS 107.040. The court thereupon held that the decree of divorce that it had entered was void. Since the property settlement had been approved by the court, and incorporated in the decree, the court ruled that it was likewise void. The estate of Verna Swint has appealed that ruling.

■ This court has construed ORS 107.040 (2) as jurisdictional. Failure to serve the district attorney renders a decree void. *Re Estate of Stewart,* 110 Or 408, 223 P 727, (1924). The statute provides that "[t]he court shall not hear or determine any suit for divorce until service has been made  *  *  *" as provided in the section. If the court cannot hear the case, it obviously has no jurisdiction to enter a decree. *Lahey v. Lahey,* 109 Or 146, 219 P 807 (1923); *Hooper v.*

*Hooper,* 67 Or 187, 135 P 205, 135 P 525 (1913). The trial court correctly held that the decree was void. The next question is whether the property settlement is also void.

The respondent contends that since the decree was void it had no legal effect and the parties therefore remained married until Verna died. The appellant is forced to concede as much. The respondent further argues that since the parties were still married when Verna died, their property-settlement agreement was void because a valid decree of divorce was a condition precedent to its taking effect. Consequently, he argues, performance by the parties under the void agreement was simply a mutual mistake and could not make the agreement valid. There is respectable authority for this view. See, e.g., *Bratkovich v. Bratkovich,* 34 Ill App2d 122, 180 NE2d 716 (1962); *Shenker v. Shenker,* 18 Misc2d 606, 187 NYS2d 95 (Sup Ct 1959); *Slaven v. Slaven,* 22 Ohio Op 230, 8 Ohio Supp 70 (CP 1941).

The appellant argues that the better rule is the one adopted by the courts of Michigan, Minnesota, and Iowa in similar cases and cited in 3 Freeman, Judgments 2962, § 1438 (5th ed 1925):

"While a void divorce decree cannot be legalized by act of the parties, they may be estopped to assert its invalidity * * * to their own advantage, as where they have enjoyed its fruits * * *. 'A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction either of the subject matter of the action or of the parties,

is not important in such cases. Parties are barred from such conduct not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated.' [Bledsoe v. Seaman, 77 Kan 679, 95 Pac 576]"

See, also, *Mohler v. Shank,* 93 Iowa 273, 61 NW 981, 34 LRA 161, (1895); *Livingston v. Livingston,* 276 Mich 399, 267 NW 636 (1936); *Marvin v. Foster,* 61 Minn 154, 63 NW 484 (1895).

The death of Verna not only ended the marriage but also ended any possibility that the parties could remedy the defects in their divorce procedure. Meanwhile, the parties had fully litigated their property interests and had worked out a satisfactory disposition of their property. Furthermore, it is asserted in this case that the parties had performed, or were performing, under the terms of the property settlement, and had changed their position in reliance upon it. Under these circumstances, equity should not give the surviving party a windfall.

■ As a practical matter, the refusal of a court of equity to permit either party unilaterally to repudiate his property-settlement agreement achieves the same result as is achieved in those cases which hold that a decree entered under the circumstances shown here is merely voidable and not void. It is more accurate to recognize that the decree is void, in conformity with a long line of prior Oregon decisions. However, a court of equity is not bound to sit idly by and permit a gross injustice between the parties merely because a procedural defect has made the divorce decree void.

■ We hold that the alleged facts, if established, would present a proper case for the application of an equitable estoppel. The cause should be remanded for

trial to determine whether the respondent in fact had accepted the benefits of the decree. If there was reliance on the property-settlement agreement, it can be severed from the void decree. The property settlement can be enforced as a contract. The respondent in such a case is estopped from repudiating his agreement. See *Re Estate of Stewart,* supra, in which the dictum suggested that estoppel might not be available. However, in that case this court kept the question of estoppel open. See also *Brandt v. Brandt,* 215 Or 423, 444, 333 P2d 887 (1959).

■ While it is settled in this state that a property agreement can acquire the character of a judgment in a proper case (see, e.g., *Esselstyn v. Casteel et al,* 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955)), it does not necessarily follow that there must be a valid judgment or decree underlying every property-settlement agreement between husband and wife.

In *Pfifer v. First Nat'l Bank,* 235 Or 561, 385 P2d 1007 (1963), we held void an agreement by which a wife relinquished her dower in contemplation of a divorce that was never obtained because the husband died before the case could proceed to a decree. However, in that case no party had relied upon the agreement to his detriment or had changed his position in reliance upon it. The agreement was held to be void because ORS 108.060 prevents a husband or wife from contracting away curtesy or dower except when the agreement is a part of a property settlement concluded by the parties with the approval of a court in connection with a divorce. The fact that the divorce was not obtained in the *Pfifer* case kept the agreement from being validated in court.

■ In the case at bar, it may be shown that the par-

ties made an agreement concerning their property and obtained the approval of the court and then changed their position in reliance upon its validity. In such circumstances, the agreement is efficacious to dispose of the property rights as the parties intended, notwithstanding the defects that rendered void their divorce decree.

Reversed and remanded.