Argued May 6, affirmed May 18, 1966

In the Matter of the Estate of
VERNA SWINT, Deceased
SWINT v. BRUGGER et al
414 P. 2d 433

*Francis F. Yunker,* Portland, argued the cause and filed a brief for appellant.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Ralph J. Shepherd and David H. Fertig, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, LUSK and HAMMOND, Justices.

GOODWIN, J.

This is an appeal from an order of the probate court denying, on the ground of *res judicata,* a husband's attempt to assert statutory interests in the estate of a deceased wife.

The facts are substantially as follows: William and Verna Swint were married in 1950. They had no children. They acquired certain real and personal property. On December 26, 1962, a decree of divorce was entered against William in favor of Verna. The decree approved a property-settlement agreement which disposed of their interests in all the real and personal property which had been accumulated by the parties during their marriage. The parties commenced the performance of the agreement. On February 3, 1963, Verna died.

After Verna's death, William discovered that the district attorney had not been served with summons and complaint in the divorce suit as required by ORS 107.040. He moved to set aside the decree. The trial court allowed the motion. Verna's children by a former marriage then instigated an appeal on behalf of their mother's estate. This court held that, while such a divorce would be void if both parties were still alive, the property rights created by the decree could not be reopened after the parties had changed their position in reliance upon the decree and after the death of one of the parties had made it impossible to remedy the defect in the divorce proceeding. *Swint v. Swint,* 238 Or 367, 371, 395 P2d 114 (1964).

The cause was remanded to the trial court for a

factual determination upon the existence of the elements of estoppel as indicated in our opinion. The trial court found, as a matter of fact, that the parties had begun performance under the property-settlement agreement, and that both parties had changed their positions in reliance thereon. The court further found that all the rights of the parties in the property described in the divorce proceedings had been disposed of by the property settlement. The court thereupon held that William was estopped to assert any claims in the property. The property-settlement agreement was held to be valid and enforceable, whether or not the parties were divorced, because William was estopped to challenge the property settlement contained in the decree. This judgment was not appealed from.

Subsequently, having acquiesced in the trial court's judgment following our decision in *Swint v. Swint,* supra, William shifted his attack to the probate court, where he asserted against Verna's estate the statutory claims of a surviving husband. The probate court held that the circuit-court judgment enforcing the property-settlement decree upon the mandate of this court in *Swint v. Swint* was a final determination of all of William's property rights arising out of his marriage to Verna, and that William therefore no longer had any property interests that could be asserted in any court against the estate of his late wife.

We agree with the probate court. The decision in *Swint v. Swint* was intended to dispose of all property questions arising out of the marriage. We should have said in so many words that William was estopped to challenge the divorce decree in that case. The divorce decree had fully disposed of all claims that William could assert. He was estopped to reopen the property issues. The probate court correctly treated

the disposition of William's claims in *Swint v. Swint* as *res judicata* and also as foreclosed by the law of the case. See *Jarvy v. Mowrey,* 235 Or 579, 385 P2d 336 (1963); *Barr v. Linnton Plywood Ass'n,* 232 Or 298, 375 P2d 84 (1962).

Affirmed.