Argued July 26, affirmed August 25, petition for review
denied October 5, 1972

DAYWALT, *Appellant, v.* BERTRAND ET AL
(No. 30412), *Respondents.*
500 P2d 484

*Randolph Slocum,* Roseburg, argued the cause and filed the briefs for appellant.

*Joseph A. Berg,* Coquille, argued the cause for respondents. With him on the brief were Berg, Berg & Walsh, Coquille.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

In 1964 Victor G. Bertrand and Othella M. Bertrand, husband and wife, purchased an undivided one-half interest in a Coos County dairy farm, with another couple purchasing the other undivided one-half interest at the same time. In 1970 the Bertrands entered into a property settlement agreement in contemplation of divorce. The agreement provided Mrs. Bertrand "shall be sole owner of the interest of the" Bertrands in the farm.[1] Before any divorce decree was entered

---

[1] There is some dispute as to whether this provision of the agreement was executory, or had been executed by a deed transferring Mr. Bertrand's interest to Mrs. Bertrand. In our view this question is irrelevant; the result is the same in either case.

Mrs. Bertrand was killed in an accident.[2] She died intestate, leaving no surviving issue.

The question presented is: Does Mrs. Bertrand's interest in the farm pass to her husband by intestate succession, or instead, does the property settlement terminate Mr. Bertrand's statutory inheritance rights so that Mrs. Bertrand's interest passes to her mother? The trial court ruled that Mr. Bertrand inherited his wife's interest in the farm. We affirm.

■ ■ Property settlements, both prenuptial and postnuptial, can validly abolish a surviving spouse's statutory inheritance rights if they explicitly so provide. *Taylor v. U. S. National Bank*, 248 Or 538, 436 P2d 256, 30 ALR3d 849 (1968); *Moore v. Schermerhorn*, 210 Or 23, 307 P2d 483, 308 P2d 180, 65 ALR2d 715 (1957); *Brown, Adm'r v. Miles et al*, 193 Or 466, 238 P2d 761 (1951). On the other hand, the same cases tell us a property settlement that makes no provision for what is to happen when one of the spouses dies has no effect on the surviving spouse's right to inherit. Most other states have identical rules. *See,* Annotation, 34 ALR2d 1020 (1954).

The more difficult cases fall between these two extremes, and necessitate construction of the property settlement to determine whether the parties did or did not intend to relinquish their inheritance rights. This is such a case.

The guiding principles of construction in this context have been stated as follows:

"The rules applicable to the construction of written contracts in general are to be applied in

---

[2] Mrs. Bertrand's death abated the divorce proceedings. Drucker v. Drucker, 7 Or App 85, 488 P2d 1377, Sup Ct *review denied* (1971).

construing a postnuptial agreement. Such a contract must be considered as a whole, and from such examination the intent of the parties must be gathered. Such construction should be given the agreement, if possible, as will render all its clauses harmonious, so as to carry into effect the actual purpose and intent of the parties as derived therefrom." *Brown, Adm'r v. Miles et al,* supra, 193 Or at 480.

"* * * [Property settlements in possible derogation of inheritance] must be strictly construed, and a waiver should not be found unless clear and explicit. * * *" *Taylor v. U. S. National Bank,* supra, 248 Or at 544; *Moore v. Schermerhorn,* supra, 210 Or at 33.

With regard to the parties' intentions as to future rights, the material part of the property settlement here in question provides:

"8. Except as herein specified, each party hereto is hereby released and forever absolved from any and all obligations or liabilities for the future acts and duties of the other and each of the parties hereto releases the other from any and all liabilities, duties or obligations of any kind or character incurred by the other from and after this date, and from any and all claims and demands, including claims of either party upon the other for support and maintenance as wife or husband or otherwise.

"9. It is hereby stipulated and agreed that a copy of this agreement may be filed in any divorce proceedings now or hereafter instituted by either party hereto as the stipulation of the parties hereto in such suit or proceedings and relating to the matters hereinabove set forth."

■ With the principles of the above cited cases in mind, we find nothing in the agreement that explicitly expresses the intent of the Bertrands to relinquish

inheritance rights. The eighth paragraph releases them from "\* \* \* all obligations or liabilities for future acts \* \* \*" of each other, and from "\* \* \* claims and demands \* \* \* for support and maintenance \* \* \*." There is nothing in this paragraph about future rights. When the eighth paragraph is read in context with the ninth, indicating the Bertrands contemplated divorce, it becomes clear that they merely intended to terminate their marital economic obligations pending formal dissolution of their marital status. There is nothing in either the agreement or the surrounding circumstances that indicates the Bertrands thought of the possibility one of them would die before a divorce was granted, much less intended to relinquish inheritance rights if such should occur.

Affirmed.