# HEMPE,
### *Respondent,*

### *v.*

# HEMPE,
### *Appellant.*

## (A7910-04998, CA 19152)

635 P2d 403

Mary J. Vershum, Portland, argued the cause and filed the brief for appellant.

Mark McCulloch, Portland, argued the cause for respondent. With him on the brief was Powers & McCulloch, Portland.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

■       Defendant appeals from a declaratory judgment which determined that: (1) a property settlement agreement entered into between defendant and her husband (now deceased) in contemplation of divorce was a valid contract and constituted a complete determination of defendant's property rights arising out of the marriage, and (2) because defendant had received all she was entitled to under the agreement, she was estopped from asserting any right to inherit from her husband, who died intestate prior to the entry of a decree of dissolution. Because this proceeding is essentially equitable in nature, we review *de novo. Rayson v. Rush,* 258 Or 315, 318, 483 P2d 73 (1971).

The facts are not in dispute. Defendant and the decedent were married on February 28, 1973. In April, 1979, defendant and the couple's daughter moved out of the family home. On May 3, 1979, defendant filed a petition for dissolution of the marriage. Prior to filing the petition, the decedent prepared in longhand an agreement dividing the marital property, which he and defendant then signed. The decedent retained the signed agreement, and neither the original nor any copy was found after his death.

All that we know of the agreement is based on the testimony at trial, which is that the property distribution requested in the petition for dissolution, which is in evidence, conformed to the parties' earlier agreement. Defendant had received most of the property allocated to her under the agreement before her husband's death, and thereafter received all of the balance.

In September, 1979, prior to a decree of dissolution, the defendant's husband died intestate and defendant was appointed personal representative of his estate. Thereafter this proceeding was commenced on behalf of the couple's only child, the thrust of which was to prevent defendant from asserting her rights, as surviving spouse, to her intestate share of her husband's estate. As indicated above, the trial court granted the relief requested.

■ ■       Neither the validity of, nor the property division provided in, the agreement is contested. It is undisputed

that property settlement agreements, whether prenuptial or postnuptial, may provide for termination of a spouse's statutory inheritance rights if they clearly and explicitly so provide. *Taylor v. U.S. National Bank,* 248 Or 538, 544, 436 P2d 256 (1968); *Daywalt v. Bertrand,* 10 Or App 418, 420, 500 P2d 484 *rev den* (1972). In construing such provisions, the intention of the parties controls. *Brown, Adm'r v. Miles et al.,* 193 Or 466, 480, 238 P2d 761 (1951). Here, there is no evidence that the agreement contained any provision as to the rights of either party if one of them died before their marriage was dissolved. Recognizing that problem, plaintiff relies on the proposition that defendant is, under these facts, equitably estopped to assert her rights. The issue presented boils down to whether the fact that defendant received the property allocated to her under the agreement precludes her from asserting her rights as surviving spouse.

In *Daywalt v. Bertrand, supra,* the property settlement agreement contained no express provision as to what would occur should one of the parties die before the contemplated divorce. We held that because there was no indication that either party intended to relinquish statutory inheritance rights, the husband was entitled to his intestate share of the estate of his wife, who died before a dissolution decree was entered. We noted that the result would be the same whether the agreement was executory, or had been executed. 10 Or App at 419, n 1.

Plaintiff contends that *Daywalt* is not controlling here, because there the issue of equitable estoppel was neither raised by the litigants nor considered by the court. In *Swint v. Swint,* 238 Or 367, 395 P2d 114 (1964), the estoppel issue was raised, and plaintiff contends that decision is dispositive here. The trial court agreed. In *Swint,* the property settlement agreement had been entered into during the course of the divorce trial, was approved by the court and then incorporated into the decree. Both parties proceeded to execute documents necessary to effectuate the agreement and decree. A short time thereafter, the ex-wife died. The husband, after learning that he would fare better by repudiating the decree and agreement and by taking under the laws of intestate succession, succeeded in having

the decree set aside on a jurisdictional technicality.[1] The trial court held the decree and property settlement agreement were void.

On appeal, the court reversed and remanded for further proceedings to determine if the elements of estoppel existed. It appears that the court held that if the elements were established, the husband would be estopped from repudiating the agreement because "the parties made an agreement concerning their property and obtained the approval of the court and then changed their position in reliance upon its validity." 238 Or at 372-3. The court recognized that to allow the husband to set aside the fully performed property agreement after the wife's death, which precluded the technical defect from being remedied, would be "* * * to sit idly by and permit a gross injustice between the parties merely because a procedural defect had made the divorce decree void." 238 Or at 371.

The holding in *Swint v. Swint, supra,* becomes even less clear when the subsequent related[2] appeal in *Swint v. Brugger,* 243 Or 473, 414 P2d 433 (1966), is considered. In that case the court stated:

> "We agree with the probate court. The decision in *Swint v. Swint* was intended to dispose of all property questions arising out of the marriage. We should have said in so many words that William was *estopped to challenge the divorce decree in that case. The divorce decree had fully disposed of all claims that William could assert. * * *"* (Emphasis supplied.) 243 Or at 475.

If that language is taken at face value, the husband was not the surviving spouse; he was an ex-spouse.

Regardless of what the *Swint* litigation holds, here the agreement was not judicially approved, there was no

---

[1] The wife had not served a summons on the district attorney for the county as then required by former ORS 107.040, a jurisdictional requirement. *Lahey v. Lahey,* 109 Or 146, 219 P 807 (1923).

[2] On remand in *Swint v. Swint, supra,* the trial court held that the husband was estopped from challenging the property settlement incorporated in the decree, whether or not the divorce was valid. No appeal from that order was taken. The husband, however, then went into probate court and claimed his wife's estate as surviving spouse. The probate court held that the earlier circuit court judgment finding the husband estopped from repudiating the property settlement agreement was a final determination of all his rights in his wife's estate. That order in the probate court was the subject of appeal in *Swint v. Brugger, supra.*

decree and defendant is not attempting to repudiate the agreement. To the contrary, she contends she is entitled to the property the agreement gives her and, as the surviving spouse, is entitled to her intestate share of her husband's estate, because she has not clearly relinquished her inheritance rights.

We conclude that neither *Daywalt* nor *Swint* control here. The terms of the agreement come from defendant's testimony. According to her, the signed agreement reflected the understanding as to how the assets would be divided "at the future time of the divorce," and that her petition for dissolution contained the agreed upon division of assets she was to receive as a result of the dissolution of the marriage. The most reasonable inference to be drawn from that testimony concerning the agreement is that a decree of dissolution was a condition precedent to the agreement's taking effect. Because a decree was never entered, defendant's receipt of property appears to have been premature.

■        The plaintiff here does not contend that defendant is obligated to return the assets she has received, so we do not decide that question. Rather, we hold that although defendant is entitled to her intestate share of her late husband's estate, for the purposes of determining her intestate share the value of all assets she received prematurely under the agreement shall be treated as part of the estate. If the value of that share is less than the value of what she has already received under the agreement, she is entitled to no more. If, however, the value of her intestate share, after deducting taxes and expenses of administration, exceeds the value of what she has already received, she is entitled to the difference.

The judgment below is reversed, and the case is remanded for entry of a new judgment consistent with this opinion.