Betty O'CONNOR
as Personal Representative of
the Estate of Nora M. Zeldin, Deceased,
*Respondent,*

*v.*

Gordon ZELDIN,
*Appellant.*

(88-11-98; CA A71687)

848 P2d 647

Barry L. Adamson, Lake Oswego, argued the cause for appellant. With him on the briefs was Craig T. Johnson, Lake Oswego.

James A. Cox, Lake Oswego, argued the cause for respondent. With him on the brief were Cox & Peterson, Lake Oswego, and Carol J. Fredrick, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Defendant appeals a judgment for specific performance of an oral property settlement agreement entered into before the entry of a dissolution judgment and the death of defendant's wife. On *de novo* review, ORS 19.125(3), we affirm.

Defendant and his wife (decedent) negotiated and entered into an oral property settlement agreement in contemplation of dissolving their marriage. The terms of the agreement were stated in open court in the dissolution proceeding and, when questioned by the court, both parties expressed their agreement.[1] The dissolution hearing was recessed so that the agreement could be memorialized in writing. Before the final dissolution judgment was entered, decedent died. Plaintiff, the personal representative of decedent's estate, brought this action for specific performance of the property settlement agreement.[2] The trial court held that the agreement was enforceable and imposed a trust, for the benefit of decedent's estate and beneficiaries, on the property granted to decedent under the terms of the agreement and now held by defendant.

■ Defendant assigns error to the court's ruling that entry of the dissolution judgment was not a condition precedent to the enforceability of the agreement. In addition, he assigns error to the court's purported failure to consider whether the parties intended that the agreement extinguish their inheritance rights if one party died before the dissolution judgment was entered.

---

[1] The oral settlement agreement provided, in part, that the net proceeds from the pending sale of the parties' house were to be divided equally and that defendant was entitled to any rent paid by the buyers. The household goods, furniture, personal belongings, jewelry and vehicles were to be awarded to the party who was in possession. Each party was to retain his or her respective accounts and deposits with banks and financial institutions, including IRA accounts and securities that were then in each individual's name, subject to an equalization adjustment. Defendant was to pay to decedent the sum of $4,500 minus decedent's share of a pension, an inheritance and certain severance pay. Finally, the parties agreed that each would pay one-half of the unpaid balance, including interest and penalty, on the 1987 income taxes.

[2] The amended complaint alleged, and defendant's answer admits, that decedent "died testate." During the proceedings, plaintiff testified that she and another sister of the decedent are the beneficiaries under the will.

■ Defendant does not dispute that the settlement agreement would have been enforceable, had the dissolution judgment been entered. The issue is whether it was enforceable before decedent died or whether it was conditioned on entry of the dissolution judgment. That issue is answered by construing the agreement in the light of the surrounding circumstances in order to ascertain the parties' intent. *Brown, Adm'r v. Miles*, 193 Or 466, 480, 238 P2d 761 (1951). Our review of the evidence indicates that there was no condition precedent or subsequent to the enforceability of the agreement discussed or agreed on. When an agreement contains definite and unambiguous promises, there must be equally clear and unambiguous language before this court will find a condition precedent. *Mignot v. Parkhill*, 237 Or 450, 458, 391 P2d 755 (1964).

Defendant argues that this case is controlled by *Hempe and Hempe*, 54 Or App 490, 635 P2d 403 (1981), *rev den* 292 Or 356 (1982). However, the holding in *Hempe* is fact specific. In *Hempe*, the written settlement agreement had been lost. We relied on evidence of the parties' *intent* to determine when the agreement was to become enforceable. On the basis of the surviving spouse's testimony that "the signed agreement reflected the understanding as to how the assets would be divided '*at the future time of the divorce*,' " 54 Or App at 495 (emphasis supplied), we held that the judgment of dissolution was a condition precedent to the agreement's taking effect.

Unlike in *Hempe*, here a record of the parties' agreement is available. Moreover, at the time of decedent's death, personal property had been divided and was in the possession of the individual spouses. It also appears that the sale of the parties' home was pending and that defendant was collecting and retaining the rent paid by the prospective purchasers pursuant to the terms of the agreement. We conclude that the trial court was correct in holding that no condition existed to the enforceability of the agreement and that it became effective when made.

■ Defendant also argues that the trial court erred when it did not consider the effect of his "statutory inheritance rights" in deciding what the parties intended by their agreement. He explains that, by that phrase, he means his rights

under ORS 112.035.[3] He says that the failure of the agreement to explicitly abolish his "statutory inheritance rights" affects the enforceability of the agreement.[4] *See Brown, Adm'r v. Miles, supra,* 193 Or at 480-82; *see also Daywalt v. Bertrand,* 10 Or App 418, 420, 500 P2d 484 (1972). Because decedent died testate, ORS 112.035 is inapplicable, as are the cases on which defendant relies concerning intestate rights.

■     Decedent's will governs the distribution of her estate, and ORS 114.105[5] *et seq* controls defendant's right to elect against the will. Moreover, unlike in *Daywalt v. Bertrand, supra,* where the issue was whether the property settlement agreement terminated the surviving spouse's intestate succession rights, plaintiff does not claim that the agreement divests defendant of his elective share. Rather, plaintiff concedes that defendant may assert his right to an elective share of decedent's estate in the probate proceeding. Because the parties divided their marital property under an enforceable property settlement agreement before decedent died, and that agreement defines what assets are in decedent's estate, the trial court was correct when it held that

---

[3] ORS 112.035 provides:

"If the decedent leaves a surviving spouse and no issue, the surviving spouse shall have all of the net intestate estate."

[4] The trial court held that the agreement extinguished the parties' survivorship rights. It said:

"To the extent that real or personal property was held at the time of [decedent's] death with rights of survivorship between defendant and her, the title or interest acquired by the defendant upon her death was and is a bare legal title, subject in equity and between the parties to the terms and provisions of the agreement."

Defendant does not assign this holding as error.

[5] ORS 114.105(1) provides:

"If a decedent is domiciled in this state at the time of death and dies testate, the surviving spouse of the decedent has a right to elect to take the share provided by this section. The elective share consists of one-fourth of the value of the net estate of the decedent, but the elective share shall be reduced by the value of the following property given to the surviving spouse under the will of the decedent:

"(a)  Property given outright;

"(b)  The present value of legal life estates; and

"(c)  The present value of the right of the surviving spouse to income or an annuity, or a right of withdrawal, from any property transferred in trust by the will that is capable of valuation with reasonable certainty without regard to the powers forfeited under subsection (2) of this section."

defendant must assert his rights under ORS 114.105 in the probate of decedent's estate.

Because of our disposition of this case, we need not consider defendant's remaining assignment of error.

Affirmed.

**WARREN, P. J.,** dissenting.

I agree with the majority that the answer to whether the parties' settlement agreement was conditional on dissolution of their marriage depends on their intent. *Brown, Adm'r v. Miles*, 193 Or 466, 480, 238 P2d 761 (1951).

There is no dispute that this settlement was made in contemplation of dissolution. The agreement itself sheds no light on whether the parties considered that a condition precedent. They had divided some of their property, but that is only evidence that they believed a dissolution would take place.

There is no evidence in the record as to what they would have done had they abandoned the dissolution, but that is the real question. Implicit in the majority's decision is the assumption that the parties intended a final division of their property because a dissolution was imminent. In my view, that makes dissolution a condition precedent.

Plaintiff had the burden of persuasion that the settlement was unconditional. I am not persuaded.

I dissent.