Argued and submitted February 13, reversed and remanded May 24, 1995

## Betty O'CONNOR,
### as Personal Representative of
### the Estate of Nora M. Zeldin, Deceased,
*Appellant,*

*v.*

## Gordon ZELDIN,
*Respondent.*

## (93-12-202; CA A85076)

895 P2d 809

James A. Cox argued the cause for appellant. With him on the brief was Cox & Peterson.

Craig T. Johnson waived appearance for respondent.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff appeals from a judgment dismissing her complaint for breach of contract and conversion. We reverse and remand.

This is the latest in a series of cases having their genesis in a dissolution proceeding brought in 1987. In that proceeding, defendant and his wife, Nora, stipulated to a property settlement but, before the dissolution judgment could be entered, Nora died and defendant refused to abide by the terms of the property settlement. Plaintiff, the personal representative of Nora's estate, first instituted a declaratory judgment action seeking a declaration that the settlement agreement was valid, binding and enforceable. The trial court heard the case, agreed with plaintiff and entered the requested declaration in 1991. Defendant appealed that judgment and we affirmed. *O'Connor v. Zeldin*, 118 Or App 620, 848 P2d 647, *rev den* 317 Or 163 (1993).

■　Since that decision, defendant has continued his intransigence and still refuses to release to plaintiff the property that was the subject of the property settlement. Therefore, plaintiff instituted this action seeking damages for breach of contract and conversion. Defendant filed a motion to dismiss and the trial court granted the motion, stating that the relief sought "would properly be the subject of a petition for supplementary relief in the declaratory judgment proceeding." The issue in this case is whether the availability of relief under the supplementary procedures of the declaratory judgment statute precludes any other form of relief. We hold that it does not.

Our analysis begins with an examination of the text and context of the statute allowing for supplementary relief. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). That statute, ORS 28.080, provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to the court having jurisdiction to grant the relief."

The statute does not by its text require a party to seek supplementary relief; it says only that if a party seeks supplementary relief, "further relief * * * may be granted." This

implies that supplementary relief is not exclusive, but the text is not conclusive. The context of the statute provides no assistance, nor does the legislative history, so we turn to other sources. *PGE*, 317 Or at 612.

■ ORS 28.080 is based on the Uniform Declaratory Judgment Act, which, in turn, is based on the Federal Declaratory Judgment Act, 28 USC §§ 2201, 2202. When a statute contains substantially the same terms as a statute from another jurisdiction, decisions construing that other statute may be persuasive. *See McKean-Coffman v. Employment Div.*, 312 Or 543, 550, 824 P2d 410, *on recons* 314 Or 645, 842 P2d 380 (1992) (holding the same with regard to federal statutes).[1]

■ As a general rule, the availability of supplemental relief does not prevent the filing of an independent action under either the Federal Act or the Uniform Act. *See Harborside Refrigerated Services, Inc. v. Vogel*, 959 F2d 368 (2d Cir 1992); *Lortz v. Connell*, 273 Cal App 2d 286, 78 Cal Rptr 6 (1969); *Atchison v. City of Englewood*, 180 Colo 407, 506 P2d 140 (1973); *Farley v. Missouri Dept. of Nat. Resources*, 592 SW2d 539 (Mo App 1979); *Principal Mutual Life Insurance Company v. Straus*, 116 NM 412, 863 P2d 447 (1993); *Winborne v. Doyle*, 190 Va 867, 59 SE2d 90 (1950); 22A Am Jur 2d, "Declaratory Judgments," § 240 (1988); William Anderson, 2 *Actions for Declaratory Judgments* § 461, 1103 (2d ed 1951). The rationale for that rule has been explained as follows:

> "When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. * * * *Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.*

[1] *But see Samuel v. Frohnmayer*, 308 Or 362, 779 P2d 1028 (1989). In *Samuel*, a party sought attorney fees as "supplemental relief" after prevailing in a declaratory judgment action. The court held that, although the Oregon declaratory judgment act was derived from the federal act, federal interpretations of the act were not helpful in that instance. The court's holding appears to be limited to the issue of attorney fees: "[T]he law has long been settled that such an award [of attorney fees] may be made only when a statute or contract provides such authority." *Id.* at 366.

"* * * A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy. The idea that declaratory actions are to supplement rather than supersede other types of litigation is fortified by the provisions of the Uniform and Federal Acts for 'further relief' when necessary or proper; these provisions represent a legislative scheme antithetical to merger." *Restatement (Second) Judgments* § 33, *comment c* at 335 (1982) (emphasis supplied).

We are persuaded by the reasoning in those cases and comments and, accordingly, hold that the availability of supplementary relief under a declaratory judgment does not preclude alternative forms of relief. It was error to dismiss plaintiff's complaint.

Reversed and remanded.